UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH,<br><br>  Plaintiff,<br><br>v.<br><br>THE WANG CENTER FOR THE PERFORMING ARTS, INC. d/b/a Boch Center,<br><br>  Defendant. | Case No.: |

**NOTICE OF REMOVAL**

  Defendant The Wang Center for the Performing Arts, Inc. d/b/a Boch Center (the "Boch Center" or "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1446, gives notice of the removal of this action from the Superior Court of Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts. This action is removable pursuant to 28 U.S.C. § 1331 & § 1441 because the plaintiff Michael Bush ("Mr. Bush" or "Plaintiff") asserts a claim arising under 42 U.S.C. § 1983.

  As grounds for removal, Defendant states as follows:

**INTRODUCTION**

  On or about January 31, 2022, Plaintiff filed his complaint (the "Complaint") in the Superior Court of Middlesex County, Massachusetts Docket No. 2281CV00628 (the "State Court Action"). The gravamen of the Complaint is that after Mr. Bush purchased tickets to two Boch Center shows, the Boch Center imposed COVID vaccination, testing, and/or mask requirements mandated by the City of Boston. The Complaint asserts claims for breach of contract (Count I), violation of M.G.L. c. 272 § 93A & § 98 (Count II), breach of the implied covenant of good faith

and fair dealing (Count III), violation of 18 U.S.C. § 242 and 42 U.S.C. § 1983 (Count IV), misrepresentation (Count V), and violation of M.G.L. c. 93A (Count VI).

Defendant was served with the Complaint on or about March 10, 2022. This Notice of Removal is therefore timely, as it was filed within thirty (30) days after the Boch Center was served with process. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *Novak v. Bank of N.Y. Mellon Trust Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015).

## **ARGUMENTS**

I. **REMOVAL BASED ON FEDERAL QUESTION JURISDICTION IS APPROPRIATE**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. § 1331, "district courts [] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The Supreme Court and other courts within this jurisdiction have confirmed that a complaint filed in state court asserting a claim under 42 U.S.C. § 1983 may be removed to federal court pursuant to 28 U.S.C. § 1331. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 125 S.Ct. 2363, 2366, 545 U.S. 308, 312 (U.S. 2005) (the "provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)"); *Therrien v. Hamilton*, 881 F. Supp. 76, 79 (D. Mass. 1995) (stating that where a complaint "as originally filed in state court" asserts "claims arising under 42 U.S.C. § 1983," the claim involves a federal question and removal is appropriate); *Houle v. LaFlamme*, 2021 WL 3742459, at *1 (D. Mass. 2021) (noting that defendants removed case based

on federal question jurisdiction where plaintiff's complaint asserted violations of 42 U.S.C. § 1983); *Mongeau v. City of Marlborough*, 462 F. Supp. 2d 144, 146 (D. Mass. 2006), aff'd, 492 F.3d 14 (1st Cir. 2007) (proceeding with adjudication of case that was removed to federal court and asserted six counts including violation of 42 U.S.C. § 1983).

In this case, Count IV of Plaintiff's Complaint alleges "Violation of Title 18 U.S.C. § 242 and 42 U.S.C. § 1983" and seeks an award of "damages pursuant to 42 U.S.C. § 1983 in the amount of $800,000 in addition to any other damages or relief awarded." *See* Complaint Count IV. Count IV alleges that the Boch Center "violated Bush's legal rights under Title III of the Americans with Disabilities Act" under "the color of law (specifically, the Boston Public Health Commission Order and Boston Mayor Wu's announced COVID-19 proof of COVID-19 vaccination for entry procedure) . . ." *Id.* ¶¶ 89 & 95. Because this claim arises under federal law, Plaintiff's action is removable pursuant to 28 U.S.C. § 1331 and § 1441.

**II.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

This Notice of Removal is properly filed in this district court because Plaintiff filed his action in the Superior Court of Middlesex County, which is within and embraced by the District of Massachusetts, Boston Division. *See* 28 U.S.C. §1441(a) & § 1446(a).

Pursuant to and in compliance with 28 U.S.C. § 1446(a), Defendant has attached as Exhibit A to this Notice of Removal copies of the docket and all pleadings and orders served on them in the action filed by Plaintiff in the State Court Action.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff's counsel and will file a copy of this Notice of Removal with the clerk of the Superior Court of Middlesex County.

By removing this matter to the United States District Court for the District of

Massachusetts, Defendant: (1) does not waive and explicitly preserves any and all available defenses, including that the Complaint fails to state a claim upon which relief can be granted, and (2) does not admit any of the allegations in the Complaint.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and this action is properly removed pursuant to 28 U.S.C. § 1441 and § 1446.

Dated:  March 29, 2022

Respectfully submitted,

THE WANG CENTER FOR THE PERFORMING ARTS, INC., d/b/a BOCH CENTER

By its attorneys,

/s/ *Kelsey Tavares*

Bruce E. Falby (BBO No. 544143)
Kelsey Tavares (BBO No. 705934)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (telephone)
(617) 406-6100 (facsimile)
Bruce.falby@dlapiper.com
Kelsey.tavares@dlapiper.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, a copy of the foregoing Defendant's Notice of Filing of Notice of Removal was served via first-class mail, postage prepaid to:

Richard C. Chambers, Jr., Esq.
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
*Counsel for Plaintiff*

/s/ *Bruce E. Falby*
Bruce E. Falby