UNITED STATES DISTRICT COURT
for the
District of Massachusetts

Eastern Division

FILED
IN CLERKS OFFICE

|  |  |  |
|---|---|---|
| MICHAEL BUSH<br>*Plaintiff*<br><br>VS.<br><br>THE WANG CENTER FOR THE<br>PERFORMING ARTS, INC. d/b/a Boch Center<br>*Defendant* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.   1:22-cv-10473 |

# PLAINTIFF'S MEMORANDUM OF REASONS IN SUPPORT OF HIS MOTION TO COMPEL INITIAL DISCLOSURES, RULE 26(f) CONFERENCE, DISCOVERY, AND COMPLIANCE WITH LOCAL R. CIV. P. 7.1(a)(2)

In accordance with Local R. Civ. P. 7.1(b)(1), the Plaintiff hereby submits this memorandum of reasons in support of his attendant motion. The certificate of service and Local Rule 7.1 certification are in the motion itself.

## The Defendant Has Refused To Engage In a Rule 26(f) Conference

On May 18, 2022 this Court granted the Plaintiff's former attorney's motion to withdraw, leaving the undersigned Plaintiff pro se from thereon. The pro se Plaintiff promptly reviewed his and the Defendant's obligations according to the Federal and Local Rules Of Civil Procedure.

Page 1 of 8

On May 19, 2022, one of the Defendant's attorneys (Kelsey Tavares) contacted the Plaintiff by email. The undersigned pro se Plaintiff exchanged multiple email messages with attorney Tavares in that thread (on which the Defendant's other attorney Bruce Falby was Cc'd) through May 23, 2022. In that exchange of email messages, the Defendant sought the Plaintiff's assent to file a motion for leave to file a reply in further support of its motion to dismiss. The Plaintiff offered to discuss that matter via phone and suggested some times he would be available for that, which attorney Tavares welcomed. The Plaintiff also requested to conduct their requisite and overdue Fed. R. Civ. P. 26(f) conference in that same phone call. (A copy of that thread of email messages is enclosed as Exhibit 2.) With his May 23, 2022 email message to attorney Tavares, the Plaintiff attached his initial disclosures and a letter (enclosed as Exhibit 3) citing the relevant dates, events in the lawsuit, and applicable Federal and Local Rules of Civil Procedure that required the litigants to have made their initial disclosures and engaged in a Fed. R. Civ. P. 26(f) conference before then. Yet Attorney Tavares refused to engage in the Rule 26(f) conference with the undersigned pro se Plaintiff and failed to address providing the Defendant's initial disclosures as the Plaintiff requested.

## The Litigants Were Required To Have Conferred By May 7th

Federal Rule of Civil Procedure 16(b)(2) requires that the judge must issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." In this case, the Defendant was served with the complaint on March 10th, 2022. 90 days from then would be June 8th, 2022. Attorney Tavares filed the notice of removal with this court on March 29, 2022, which constituted appearance as

the Defendant's attorney. 60 days from then would be May 28th, 2022. Thus, the scheduling order was required to be issued no later than May 28th, 2022.

Federal Rule of Civil Procedure 26(f)(1) requires that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Thus, the parties' attorneys were obligated to have conducted that conference in March or April 2022, as that would have been practicable and is required by Rule 26(f)(1). They failed to do so. Thus, the absolute deadline by which the parties were obligated to have conducted the conference was May 7, 2022, as that was 21 days before the scheduling order was required to be issued.

## Initial Disclosures Were Due By May 21st

Fed. R. Civ. P. 26(a)(1)(C) states that "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference…" Given that the latest date by which the parties were obligated to have held their Rule 26(f) conference was May 7, 2022, the parties' initial disclosures were due by May 21· 2022. The Plaintiff has provided his initial disclosures and settlement proposal pursuant to Local R. Civ. P. 16.1(c) to the Defendant via its counsel. The Defendant's counsel has refused to provide the Defendant's initial disclosures and has not responded regarding settlement.

## The Defendant's Counsel Has Presented Invalid Excuses

As this Court can see in Exhibit 2, on May 23, 2022 attorney Tavares replied to the pro se Plaintiff's request for a Rule 26(f) conference that, "We are happy to meet and confer with you pursuant to Rule 26f, but would do so at a future date at a time that is mutually agreeable to allow time to adequately prepare for the topics to be discussed at the Rule 26f conference."

Page 3 of 8

When attorney Tavares made that statement, the Defendant and its attorneys already had months since being served with the lawsuit to "adequately prepare for the topics to be discussed at the Rule 26f conference".

On June 3, 2022 the pro se Plaintiff made a final attempt to resolve these issues and requested via email that attorney Tavares schedule a mutually agreeable time for a Local R. Civ. P. 7.1(a)(2) conference so as to hopefully make this motion to compel unnecessary. Attorney Tavares again refused to engage in a Rule 26(f) conference with the pro se Plaintiff, giving as an excuse merely that "we will wait until the motion to dismiss is resolved prior to meeting and conferring regarding scheduling for this case, as conferring regarding scheduling might be obviated in its entirety." Attorney Tavares also refused the Plaintiff's request for a Local R. Civ. P. 7.1(a)(2) conference to resolve or narrow the issues regarding this motion. That exchange of email messages is enclosed as <u>Exhibit 1.</u>

Fed. R. Civ. P. 26(a)(1)(B) "*Proceedings Exempt from Initial Disclosure*" lists the specific proceedings under initial disclosures are not required. This proceeding and attorney Tavares' above excuses for refusing to provide initial disclosures do not match any of the specifications in Fed. R. Civ. P. 26(a)(1)(B). Furthermore, Fed. R. Civ. P. 26(a)(1)(E) states that, "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Thus, attorney Tavares' excuses for refusing to engage in a Rule 26(f) conference with and provide initial disclosures in accordance with the timelines specified by Fed. R. Civ. P. 16(b)(2), 26(a)(1)(C), and 26(f)(1) are unsupportable.

## The Defendant's Attorneys' Defiance And Negligence Warrant Sanctions

It would perhaps be understandable if the Defendants' attorneys had declined to engage in a Rule 26(f) conference if all the undersigned pro se Plaintiff had communicated was merely "I want to talk with you about this case. Let's schedule a time." But that's not what occurred here. The Plaintiff communicated thoroughly and clearly the relevant dates and events in this lawsuit and tied in the applicable Federal and Local Rules of Civil Procedures with specificity. He even provided his settlement proposal and initial disclosures. Still, the only reason attorney Tavares would agree to talk with the Plaintiff was to seek his assent to the Defendant's motion to file a reply in support of its motion to dismiss. And attorney Tavares would not provide the Defendant's initial disclosures, despite repeated requests and opportunities.

In a similar live case in this same Court in which the undersigned is also the pro se Plaintiff, he provided his settlement proposal and initial disclosures to the Defendants via their counsel. He cited the relevant dates, events, and rules when he requested a Rule 26(f) conference and those Defendants' initial disclosures. The Defendants' counsel promptly joined the Plaintiff in a Rule 26(f) conference, provided the Defendants' initial disclosures, and agreed to respond to a variety of discovery requests from the Plaintiff. All of that took place while the Defendant's motion to dismiss for failure to state a claim was pending—because that's what the above-specified rules dictate. The key difference between that case and this case where this Defendant refuses to engage in or provide any of that? The law firms and attorneys representing the Defendants.

In this case, the Defendant is represented by the DLA Piper law firm's Boston office. Its website lists personnel with titles including Partner, Senior Attorney, Attorney, and Associate. Kelsey Tavares in this case is listed as an Associate. (See Exhibit 4 enclosed.) If that title

conveys inexperience, that might explain attorney Tavares' defiance of the applicable rules and refusal to engage in the requisite Local R. Civ. P. 7.1(a)(2) conference that could have obviated the need for this motion to compel. However, all of the email messages and letter(s) involved here were also concurrently sent to attorney Bruce E. Falby of the same law firm. And the firm's website lists Bruce E. Falby as a Partner. (See Exhibit 5 enclosed.)

Local R. Civ. P. 83.6.1(a) specifies that, "The rules of professional conduct for attorneys appearing and practicing before this court shall be the Massachusetts Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court..." Local R. Civ. P. 83.6.1(d) states that, "All attorneys who are admitted or authorized to practice before this court shall comply with its rules of professional conduct in all matters they handle before this court." Rules of Professional Conduct 3.2 "Expediting Litigation", 3.4 "Fairness To Opposing Party And Counsel", 5.1 "Responsibilities Of Partners, Managers, And Supervisory Lawyers", and 5.2 "Responsibilities Of A Subordinate Lawyer" seem particularly applicable here. And Fed. R. Civ. P. 1's guidance that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding" make the Defendant's two attorneys' dilatory and obstructive conduct here all the more conspicuously wrong.

Partner Bruce E. Falby cannot claim ignorance of the obligation to engage in a Local R. Civ. P. 7.1(a)(2) conference to resolve or narrow issues before serving a motion, as he chided the Plaintiff's former attorney Richard Chambers over that issue in an email exchange in April 2022. However, Partner Falby was mistaken in that instance, as the document attorney Chambers had filed with this Court was merely a letter to the Clerk, not a motion that would require a conference pursuant to Local R. Civ. P. 7.1(a)(2). That exchange of email messages (enclosed as

Exhibit 6) does reveal, though, that Partner Falby was aware of that requirement to confer before serving a motion. Thus, it was not only Partner Falby's obligation under the Rules of Professional Conduct to have intervened and corrected subordinate attorney Kelsey Tavares' refusals to engage in a Rule 26(f) conference with and provide initial disclosures to the pro se Plaintiff. It was also Partner Falby's obligation to have intervened and corrected subordinate attorney Tavares' refusal to engage in a Local R. Civ. P. 7.1(a)(2) conference before the Plaintiff had to draft and serve this motion—and there can be no question that Partner Falby was aware of that obligation to confer.

Local R. Civ. P. 1.3 states that, "Failure to comply with any of the directions or obligations set forth in, or authorized by, these rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer." As both Associate Kelsey Tavares' and Partner Bruce E. Falby's violations of the applicable Federal and Local Rules of Civil Procedure have been persistent, knowing, and willful here, the pro se Plaintiff requests this Court sanction both attorneys and/or the Defendant as the Court deems fit.

## Conclusion

Wherefore, the pro se Plaintiff requests this Court order that the Defendant:

1. Complete a Fed. R. Civ. P. 26(f) conference with the Plaintiff within seven days of its Order,
2. Deliver to the Plaintiff its Fed. R. Civ. P. 26(a)(1)(A) initial disclosures within seven days of its Order,
3. Fulfill the Plaintiff's discovery requests,
4. Promptly engage in Local R. Civ. P. 7.1(a)(2) conferences upon receiving such request(s) from the Plaintiff, and

5. Sanction attorneys Kelsey Tavares and Bruce E. Falby and/or the Defendant as the Court deems appropriate.

June 4, 2022

Respectfully submitted,

*Michael Bush*, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323