**Subject:** RE: LRCP 7.1 conference request | Bush v. Wang Center
From: Tavares, Kelsey - To: bmoc54@verizon.net - Cc: Falby, Bruce E. - Date: June 3, 2022 at 1:11 PM

Mr. Bush,

As we discussed in our prior communications, we are not opposed to engaging in a Rule 26f conference. We are happy to do so at a mutually convenient and appropriate time. However, engaging in that conference now would be premature.

As you know, the Court has yet to set a date for any scheduling conference meaning that we are still well within the time frame required to meet and confer. Further, we currently have a motion to dismiss pending which we believe will significantly narrow the remaining claims, if not dispose of the case in its entirety. Thus, we will wait until the motion to dismiss is resolved prior to meeting and conferring regarding scheduling for this case, as conferring regarding scheduling might be obviated in its entirety. In the event the Court sets a scheduling conference, we will reevaluate and ensure our compliance with Rule 26f's 21 day deadline.

Thanks,
Kelsey


**From:** Mike Bush <bmoc54@verizon.net>
**Sent:** Friday, June 3, 2022 10:36 AM
**To:** Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com>
**Cc:** Falby, Bruce E. <Bruce.Falby@us.dlapiper.com>
**Subject:** LRCP 7.1 conference request | Bush v. Wang Center


⚠ EXTERNAL MESSAGE

Hi Kelsey,

Let's schedule a Local Rule 7.1(a)(2) conference to resolve or narrow the following issues and hopefully make a motion to compel unnecessary:

1. I provided my initial disclosures and requested The Wang Center's initial disclosures weeks ago, which The Wang Center has failed to provide
2. You have refused to engage in the FRCP 26(f) conference I requested

Today would be ideal. If that doesn't work for you, Tuesday or Wednesday next week are relatively flexible for me. Please suggest a day and time that you'd like.

Kind Regards,
Mike Bush
Phone: 978-734-3323

> On May 23, 2022, at 5:07 PM, Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com> wrote:
>
> Mr. Bush,
>
> Based on your letter, I believe we have some disagreement regarding the timing requirements under the Federal Rules of Civil Procedure for conferring regarding initial disclosures. The rules summarized in our email below, including Fed. R. Civ. P. 26(a)(1)(C), require the parties to make their initial disclosures within 14 days after the parties' Rule 26f conference. Further, Rule 26(f) requires the parties to confer "as soon as practicable" and "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Far from being delinquent, the Court has yet to set a scheduling conference, and no scheduling order is yet due. We are happy to meet and confer with you pursuant to Rule 26f, but would do so at a future date at a time that is mutually agreeable to allow time to

**From:** Tavares, Kelsey Kelsey.Tavares@us.dlapiper.com
**Subject:** RE: Michael Bush v. The Wang Center for the Performing Arts, Inc., Case 1:22-cv-10473-GAO (D. Mass.)
**Date:** May 23, 2022 at 5:07 PM
**To:** Michael Bush frymesomebacon@protonmail.com
**Cc:** Falby, Bruce E. Bruce.Falby@us.dlapiper.com



Mr. Bush,

Based on your letter, I believe we have some disagreement regarding the timing requirements under the Federal Rules of Civil Procedure for conferring regarding initial disclosures. The rules summarized in our email below, including Fed. R. Civ. P. 26(a)(1)(C), require the parties to make their initial disclosures within 14 days after the parties' Rule 26f conference. Further, Rule 26(f) requires the parties to confer "as soon as practicable" and "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Far from being delinquent, the Court has yet to set a scheduling conference, and no scheduling order is yet due. We are happy to meet and confer with you pursuant to Rule 26f, but would do so at a future date at a time that is mutually agreeable to allow time to adequately prepare for the topics to be discussed at the Rule 26f conference.

As to our impending motion for leave to file a reply in support of our motion to dismiss, we have already conferred with your counsel prior to his withdrawal regarding the basis of our motion. To summarize that conversation, our reply in support of our motion to dismiss would address the following arguments made in your Opposition: (i) that our motion to dismiss is procedurally noncompliant and should be summarily denied, (ii) that our motion considers materials outside of the complaint, and (iii) that the remaining claims are adequately plead.

The only remaining outstanding question was whether you would assent to the motion for leave. Given the prior exchange, it sounds like we do not have your assent, which we will note in our motion.

Thanks,
Kelsey


**From:** Michael Bush <frymesomebacon@protonmail.com>
**Sent:** Monday, May 23, 2022 4:07 PM
**To:** Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com>
**Cc:** Falby, Bruce E. <Bruce.Falby@us.dlapiper.com>
**Subject:** Re: Michael Bush v. The Wang Center for the Performing Arts, Inc., Case 1:22-cv-10473-GAO (D. Mass.)

⚠ EXTERNAL MESSAGE

Hi Kelsey,

I am guessing from your below reply that you did not first read my attached letter accompanying my initial disclosures? In my letter I communicated concern regarding your and my conflicting requests for a conference and I suggested a resolution. Your below reply does not seem to

address what I communicated in my letter, so I am left confused.

Kind Regards,
Mike Bush


> On May 23, 2022, at 3:35 PM, Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com> wrote:
>
> Thank you Mr. Bush,
>
> Are you available to confer today regarding our impeding motion for leave?
>
> Thanks,
> Kelsey
>
> **From:** Michael Bush <frymesomebacon@protonmail.com>
> **Sent:** Monday, May 23, 2022 2:56 PM
> **To:** Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com>
> **Cc:** Falby, Bruce E. <Bruce.Falby@us.dlapiper.com>
> **Subject:** Re: Michael Bush v. The Wang Center for the Performing Arts, Inc., Case 1:22-cv-10473-GAO (D. Mass.)
>
> ⚠ EXTERNAL MESSAGE
>
> Hi Kelsey & Bruce,
>
> Please see my attached letter and initial disclosures.
>
> Kind Regards,
> Mike Bush
>
>> On May 23, 2022, at 12:31 PM, Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com> wrote:
>>
>> Mr. Bush,
>>
>> We are available today from 1pm-3pm, or after 4pm to meet and confer regarding our proposed Reply. Please let us know if there is a window of time today that works for you.
>>
>> As to the Rule 26f conference, per Local Rule 16.1(b), the deadline to meet and confer is "21 days before the date for the scheduling conference." There has not been a scheduling conference set in this case yet meaning the deadline to meet and confer pursuant to Rule 26

has not yet expired. Further, given that the Court's ruling on the pending motion to dismiss may impact the claims that remain live (and subsequently the scope of discovery in this case), we propose deferring a Rule 26f conference at least until the Court has set a date for the scheduling conference in this case.

Thanks,
Kelsey


**From:** Michael Bush <frymesomebacon@protonmail.com>
**Sent:** Friday, May 20, 2022 10:06 AM
**To:** Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com>
**Cc:** Falby, Bruce E. <Bruce.Falby@us.dlapiper.com>
**Subject:** Re: Michael Bush v. The Wang Center for the Performing Arts, Inc., Case 1:22-cv-10473-GAO (D. Mass.)

⚠ EXTERNAL MESSAGE

Hi Kelsey, (you may address me as Mike or Mr. Bush, I'll take no offense either way)

Thank you for introducing yourselves.

I assume you seek leave to file such a reply pursuant to Local Rule of Civl Procedure 7.1(b)(3).

Attorney Chambers mentioned to me that you asked for such assent from me but he did not specify why you seek to file such a reply, nor do I see such an explanation in your below message to me as a now pro se plaintiff. Thus, I am unaware of why justice demands your client be allowed to file such a reply.

Given that the content of Bruce's memorandum supporting The Wang Center's motion to dismiss far exceeded both the content of my complaint and the content of my opposition to the motion to dismiss it, I believe The Wang Center has already taken more than a fair shot at dismissing my complaint. For The Wang Center to add another 10 page document to its motion strikes me as overkill and unfair. Thus, though I am sorry I cannot assent to your first such request of me, I cannot in good conscience assent to that motion for leave.

But if you believe justice somehow demands The Wang Center be allowed to add more to its motion to dismiss, then I will accommodate a Local Rule 7.1(a)(2) conference regarding such a motion for leave to file a reply. We could perhaps discuss that as part of our Federal Rule of Civil Procedure 26(f) conference, which 26(f)(1) required us to have

conducted by now. Monday, Tuesday, and Friday of next week look fairly flexible for me. The following week also looks pretty flexible. You're welcome to suggest a day and time that would work well for you.

Kind Regards,
Mike Bush
280 Lowell Street
Carlisle MA 01741
Phone: 978-734-3323


On May 19, 2022, at 6:00 PM, Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com> wrote:

Hello Mr. Bush,

We represent The Wang Center for the Performing Arts, Inc. ("The Wang Center") in the above-captioned action. We conferred with your counsel yesterday regarding a motion we intend to file seeking leave to file a reply in support of our motion to dismiss and asked for his assent to our motion. He indicated that he was fine with providing his assent and would discuss this with you and get back to us today, but since that time, the Court granted his Motion to Withdraw.

As such, we are following up with you directly. If you could please let us know whether you will provide your assent to our filing a 10-page Reply within 2 weeks of the Court's order on our motion.

Thanks,
Kelsey


**From:** Richard Chambers <richard@chamberslawoffice.com>
**Sent:** Thursday, May 19, 2022 5:50 PM
**To:** Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com>
**Cc:** 'Dianna Ploss' <dianna@chamberslawoffice.com>; matt@chamberslawoffice.com; Falby, Bruce E. <Bruce.Falby@us.dlapiper.com>; 'Michael Bush' <frymesomebacon@protonmail.com>
**Subject:** RE: Michael Bush v. The Wang Center for the Performing Arts, Inc., Case 1:22-cv-10473-GAO (D. Mass.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH, Pro Se )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>THE WANG CENTER FOR THE PERFORMING )<br>ARTS, INC. )<br>d.b.a. Boch Center )<br>)<br>Defendant )  | CIVIL ACTION NO:_<br>1:22-cv-10473-GAO |

May 23, 2022

By email and postal mail to:
Bruce E. Falby & Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street
26th Floor
Boston, MA 02110-1447
Emails: bruce.falby@dlapiper.com; Kelsey.Tavares@us.dlapiper.com

Hi Bruce & Kelsey,

  I've enclosed my initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

  Federal Rule of Civil Procedure 16(b)(2) requires that the judge must issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." In this case, the defendant was served with the complaint on March 10th, 2022. 90 days from then would be June 8th, 2022. You filed the notice of removal with this court on March 29, 2022, which constituted your appearance as the defendant's attorney. 60 days from then would be May 28th, 2022. Thus, the scheduling order is required to be issued no later than May 28th, 2022

  Federal Rule of Civil Procedure 26(f)(1) requires that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Thus, we were obligated to have conferred no later than May 7th, 2022. I take it that neither you nor my former attorney initiated such a conference. Now that I am pro se, hopefully we can better keep on schedule. And if, as you stated in your email message to me earlier today, you are available to confer with me regarding your proposed Reply to my Opposition to your Motion to Dismiss my lawsuit, then you are also available to confer with me in that same phone call on the matters specified by Fed. R. Civ. P. 26(f)(2). For you in that email message to have requested I participate in a Local Rule 7.1(a)(2) conference

Page 1 of 2

solely for your client's benefit while you refuse to participate in an overdue, mandatory Fed. R. Civ. P. 26(f)(2) conference with me is unreasonable and unfair. I ask that you please reconsider your position.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(C), the parties' initial disclosures to each other were due by May 21st, 2022. Please provide your client's initial disclosures by our Fed. R. Civ. P. Rule 26(f) conference or by May 30th, 2022, whichever is earlier.

Thank you,

*Michael Bush*, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323




Locations / Boston

## Boston

Overview  Lawyers  News  Events



julie.steven@dlapiper.com
vCard



### Michael Strapp
Partner
Boston | T: +1 617 406 6031
michael.strapp@dlapiper.com
vCard



### John L. Sullivan
Partner
Boston | T: +1 617 406 6029
john.sullivan@dlapiper.com
vCard

### Kelsey Tavares
Associate
Boston | T: +1 617 406 6052
kelsey.tavares@dlapiper.com
vCard

### Anton Tikhomirov
Associate
Boston | T: +1 617 406 6092
anton.tikhomirov@dlapiper.com
vCard

Exhibit 4 (only page)




DLA PIPER

Locations / Boston

# Boston

Overview  **Lawyers**  News  Events



### Cheryl Edelman
Attorney
Boston | T: +1 617 406 6045
cheryl.edelman@dlapiper.com
vCard



### Paul Evans
Associate
Boston | T: +1 617.406.5932
paul.evans@dlapiper.com
vCard



### Bruce E. Falby
Partner
Boston | T: +1 617 406 6020
bruce.falby@dlapiper.com
vCard

### Matthew Fitzgerald
Senior Attorney
Boston | T: +1 617 406 6062
matthew.fitzgerald@dlapiper.com
vCard

Exhibit 5 (only page)

EXHIBIT 6 (only page)

**From:** Richard Chambers richard@chamberslawoffice.com
**Subject:** FW: New documents: Bush v. The Wang Center for the Performing Arts, Inc. (Doc# 9, D. Mass. 1:22-cv-10473-GAO)
**Date:** April 18, 2022 at 1:03 PM
**To:** Michael Bush frymesomebacon@protonmail.com



**From:** Richard Chambers <richard@chamberslawoffice.com>
**Sent:** Monday, April 18, 2022 1:09 PM
**To:** 'Falby, Bruce E.' <Bruce.Falby@us.dlapiper.com>
**Cc:** 'Tavares, Kelsey' <Kelsey.Tavares@us.dlapiper.com>; matt@chamberslawoffice.com
**Subject:** RE: New documents: Bush v. The Wang Center for the Performing Arts, Inc. (Doc# 9, D. Mass. 1:22-cv-10473-GAO)

Dear Bruce,

As the document I filed noted, it is a letter to the clerk pursuant to Federal Rule of Civil Procedure 55(b)(1). Local Rule of Civil Procedure 7.1(a)(2) only requires that counsel confer if the document to be served/filed is a motion, rather than a letter to the clerk. However, I appreciate your pointing me to Federal Rule of Civil Procedure 81(c)(2), which allows for an additional seven days to serve a response beyond the day counsel files a notice of removal from state court.

Notwithstanding the above I have had an opportunity to speak with Mr. Bush and he agrees that you did in fact electronically file the motion to dismiss on the final day of extension that rule allows, so I have been authorized to notify the court that my letter was in error.

Yours truly,

Richard


**From:** Falby, Bruce E. <Bruce.Falby@us.dlapiper.com>
**Sent:** Friday, April 15, 2022 2:47 PM
**To:** richard@chamberslawoffice.com
**Cc:** Tavares, Kelsey <Kelsey.Tavares@us.dlapiper.com>
**Subject:** RE: New documents: Bush v. The Wang Center for the Performing Arts, Inc. (Doc# 9, D. Mass. 1:22-cv-10473-GAO)

Richard, please read Fed. R. Civ. P. 81(c)(2) and withdraw your motion. If we have to file an opposition we will ask the Court to assess our fees incurred in doing so. This shows the virtue of conferring with opposing counsel before filing a motion as required by Local Rule 7.1(a)(2) as we could have pointed out the applicable rule.

**Bruce E. Falby**

bruce.falby@us.dlapiper.com