FILED
IN CLERK'S OFFICE

# UNITED STATES DISTRICT COURT

2022 JUN -7 PM 3: 36

for the

District of Massachusetts

Eastern Division

|  |  |  |
|---|---|---|
|  | ) Case No. | 1:22-cv-10473-GAO |
| MICHAEL BUSH | ) | |
| *Plaintiff* | ) | |
| VS. | ) | |
| THE WANG CENTER FOR THE | ) | |
| PERFORMING ARTS, INC. d/b/a Boch Center | ) | |
| *Defendant* | ) | |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR RECONSIDERATION

*Pursuant to Local Rule of Civil Procedure 7.1(b)(2)*

Plaintiff opposes herein the Defendant's Motion For Leave To File Reply In Support Of Its Motion To Dismiss Plaintiff's 1st Amended Complaint:

## *Memorandum of Reasons*

### The Defendant's motion was granted prematurely

Local R. Civ. P. 7.1(f) specifies that, "Motions that are not set down for hearing as provided in subsection (e) will be decided on the papers submitted after an opposition to the motion has been filed, or, if no opposition is filed, after the time for filing an opposition has elapsed." This Court granted the Defendant's motion before the undersigned Pro Se Plaintiff's time for filing this Opposition had elapsed. Thus, the Plaintiff respectfully requests reconsideration of the motion, particularly given that this Court was likely unaware of the following relevant facts.

### The Defendant's motion is defective

The Defendant has failed to serve its motion on the undersigned Pro Se Plaintiff in accordance with Fed. R. Civ. P. 5(b)(2). Any of the methods specified in Fed. Rules Civ. P. 5(b)(2)(B), 5(b)(2)(C), 5(b)(2)(E), or 5(b)(2)(F) could have been used to serve the motion on the Pro Se Plaintiff but the Defendant failed to do so. Instead, the Defendant states in its Certificate Of Service that the motion "has been furnished this 23rd day of May, 2022 via the Court's ECF system" to the Plaintiff. That would be a legitimate method of service were it not for the fact that the Plaintiff does not receive notification of such electronic service because the Court had not and has not yet ruled on his request for electronic filing privileges in this case.

Whereas the Defendant's motion for leave to file a reply is defective, it must be summarily denied.

If, however, this Court concludes the Defendant has in fact met the requirements of Fed. R. Civ. P. 5(b)(2), then the following applies.

## A Reply is unwarranted

In its motion the Defendant presents only three arguments why the Court should allow it to file a Reply. The first argument it presents is the Plaintiff's "assertion that the Motion to Dismiss should be 'summarily denied' on procedural grounds". That argument is misleading at best, as a quick review of the Plaintiff's Opposition to the Defendant's Motion to Dismiss reveals that the Plaintiff asserts that the motion should be summarily denied specifically because its memorandum of reasons exceeds the limitations on format and length set by Local R. Civ. P. 7.1(b)(4). Obviously, the Court can itself discern whether the document exceeds those limitations, so no Reply from the Defendant is warranted on that point.

The second argument the Defendant presents is that it wants to respond to the Plaintiff's assertion in his Opposition that the Defendant's Motion to Dismiss raises matters outside the Plaintiff's Complaint. Again, the Court can readily discern whether the Motion To Dismiss raised matters outside the Complaint. Thus, no Reply is warranted on that point.

The third and final argument the Defendant presents is that it wants to respond to the Plaintiff's "various attempts to defend the adequacy of the Section 1983, civil rights, misrepresentation, breach of contract, and implied covenant claims". Well, of course the Plaintiff defended the adequacy of his claims pled in his Complaint. That is precisely what the Plaintiff is tasked with doing in an Opposition to a Defendant's Motion To Dismiss For Failure To State A Claim. Yet the Defendant has presented no reason why it should be allowed to file a Reply other than that it essentially wants to argue the matter further. That is not an extraordinary or compelling reason.

Furthermore, well before the Defendant filed this Motion For Leave To File A Reply, the Plaintiff explained why he would not assent to such a Motion. In this Motion the Defendant

merely conveyed to the Court that in an email message the Plaintiff wrote that he could not in good conscience assent to the motion for leave. The Defendant omitted the reasons the Plaintiff stated for his declining to assent. Enclosed as <u>Exhibit 1</u> is a copy of that email exchange. As the Court can plainly see, the undersigned Pro Se Plaintiff made clear that the content of the Defendant's Motion To Dismiss For Failure To State A Claim far exceeded the content of both the Plaintiff's Complaint and the Plaintiff's Opposition. This Court may verify that with a quick review of those documents (including that Motion's 25 total footnotes). For the Defendant to now be granted leave to file a 10 page Reply in addition to its already voluminous Motion violates Fed. R. Civ. Proc. 1's instruction that the Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

    Wherefore, the Defendant's Motion For Leave To File Reply must be denied.

June 2, 2022

*Michael Bush*, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 2nd day of June, 2022, served a copy by mail of the foregoing and any accompanying document(s) pursuant to Fed. Rule Civ. Proc. 5(b)(2) and Local Rule 5.2 upon the following:

Bruce E. Falby & Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street
26th Floor
Boston MA 02110-1447

*[signature]*, Pro Se
Michael Bush