UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL BUSH,

        Plaintiff,

v.

THE WANG CENTER FOR THE PERFORMING ARTS, INC. d/b/a Boch Center,

        Defendant.

Case No.: 1:22-cv-10473-GAO

**DEFENDANT THE WANG CENTER FOR THE PERFORMING ARTS, INC. D/B/A BOCH CENTER'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT[1]**

As discussed in The Wang Center's Memorandum, each count in Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.[2]

**I.    THE WANG CENTER'S MEMORANDUM IS NOT PROCEDURALLY DEFECTIVE AND ITS MOTION SHOULD NOT BE CONVERTED TO SUMMARY JUDGMENT**

Contrary to Plaintiff's assertion, Local R. Civ. P. 7.1(b)(4) does not require footnotes to be double spaced or require footnotes to be the same font size as the text of a memorandum in support of a motion to dismiss. It states only that "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced." *See* Local R. Civ. P. 7.1(b)(4). The Wang Center's Memorandum meets these requirements given that, as Plaintiff acknowledges, "[w]ith the cover page, certification, and other peripheral text subtracted, the body of the Defendant's memorandum [] totals 20 pages." Opposition ("Opp.") at 3.

Plaintiff has not cited a single case or other authority in support of his position that Local R. Civ. P. 7.1(b)(4) requires footnotes to be double spaced and the same size as text within the body of a memorandum. In fact, Local Rule 5.1(a)(2) states that "[a]ll documents, except discovery requests and responses … shall be

---

[1] The Wang Center incorporates and utilizes the defined terms from its Memorandum in this Reply.
[2] The Wang Center does not address Plaintiff's 18 USC 242 and emotional distress claim given that Plaintiff concedes that these claims fail as a matter of law.

double-spaced *except for … footnotes…*" (emphasis added). The lack of formatting specificity in the local rules has also led some Massachusetts District Court judges to specify footnote requirements in their orders (including standing orders). Judge O'Toole has no orders or chambers procedures applicable to this case addressing footnote formatting requirements. Thus, The Wang Center's Memorandum complies with the Court's rules and procedures.

Further, the Memorandum should not be converted to summary judgment based on The Wang Center's reference to other cases to which Plaintiff is a party because those facts are capable of judicial notice as they are contained in and evident from the public docket. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (holding that in ruling on a motion to dismiss a court may consider "official public records" and "documents the authenticity of which are not disputed by the parties"). For this same reason – and because the Complaint's allegations are expressly linked to the Ticketmaster website, policy notices, and tickets – this Court may consider Plaintiff's tickets, exhibits to Plaintiff's Complaint, and the Ticketmaster website. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

## II. PLAINTIFF'S BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT CLAIMS FAIL

Plaintiff's Opposition – like his Complaint – fails to point to any provision of the Terms that was allegedly breached. Instead, the supposed "breach" Plaintiff asserts is The Wang Center's alleged failure to act in accordance with Plaintiff's "expect[ation]" that he would be able to attend the shows without needing to comply with any subsequent COVID-19 policies imposed by The Wang Center. *See* Opp. at 6. It is unsurprising that Plaintiff has not been able to identify any provision that has been breached by The Wang Center's conduct because the tickets Plaintiff purchased to attend The Wang Center shows explicitly state that they are revocable licenses. Plaintiff's failure to specify any contractual provision that was breached is fatal to his breach of contract claim as a matter of law. *See Marion Fam. Chiropractic, Inc. v. Seaside Fam.*

*Chiropractic, LLC*, No. CV 21-11930-MPK, 2022 WL 1003963, at *4 (D. Mass. Apr. 4, 2022) ("For a breach-of-contract claim to survive a motion to dismiss, the complaint must … allege, with substantial certainty, the specific contractual obligation that the defendant breached.") (citations omitted); *Rinsky v. Trustees of Bos. Univ.*, Civ. Action No. 10cv10779-NG, 2010 WL 5437289, at *11 (D. Mass. Dec. 27, 2010) (dismissing breach of contract claim where plaintiff failed to specify "what exactly the alleged contract promised ... offering no quotations from the [university's] handbook [and] promotional materials").

Plaintiff's failure to identify any duty or obligation on the part of The Wang Center that was breached also warrants dismissal of his implied covenant claim because "[t]he implied covenant regulates only the manner of performance, and 'may not be 'invoked to create rights and duties not otherwise provided for in the existing contractual relationship.'" *Godines v. EF Explore America, Inc.*, 2021 WL 7085170, at *6 (Mass. Super. 2021) (dismissing implied covenant claim where "there was no breach of the contract under the[] facts [alleged in the complaint, and thus] there was no breach of the implied covenant, either.") (citing *Ayash v. Dana Farber Cancer Institute,* 443 Mass. 367, 385 (2005)); *see also Edlow v. RBW, LLC*, 688 F.3d 26, 35–36 (1st Cir. 2012) ("Because RBW was not obligated under the contract to provide the amenities, it could not have breached the covenant as to them, and the claims regarding them necessarily fail").

Further, Plaintiff's implied covenant claim fails because Plaintiff has not plausibly alleged any bad faith, and his "expectation" regarding his continued entitlement to attend shows without a mask or vaccination during the height of the COVID-19 pandemic was not reasonable. The paragraphs from Plaintiff's Complaint that Plaintiff cites to in his Opposition do not evince that The Wang Center enacted its COVID-19 policies for any dishonest purpose, conscious wrongdoing, or self-interest or ill will as is required to state an implied covenant claim. *See* Opp. at 6; *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 238 (1st Cir. 2013) (stating bad faith involves a dishonest purpose, conscious wrongdoing, or self-interest or ill will). Plaintiff does not allege – for example – that The Wang Center knew that masks, vaccines, and tests would not stop the spread of the COVID-19 virus yet imposed these requirements to unjustly profit off of customers like Plaintiff who would not comply with the requirements. Nor could he do so because Plaintiff acknowledges The Wang

Center refunded him in full. This lack of any plausible bad faith alleged in the Complaint is fatal to Plaintiff's implied covenant claim. *Piantes v. Pepperidge Farm, Inc.*, 875 F. Supp. 929, 938 (D. Mass. 1995) (holding that where a Plaintiff fails to allege in non-conclusory terms that a contractual breach was "motivated by a desire to deprive [the plaintiff] of what he reasonably could have expected to receive under the contract" – his breach of the implied covenant of good faith and fair dealing claim should be dismissed).

### III.   PLAINTIFF'S MISREPRESENTATION CLAIM IS INADEQUATELY PLEAD

Plaintiff's misrepresentation claim fails for the simple reason that he does not specify any misrepresentation in his Complaint. Plaintiff attempts to make up for his pleading deficiency by alleging in his Opposition that it can be plausibly inferred from the Complaint that The Wang Center "intended to [] impose various specific medical requirements on its customers" at the time Plaintiff purchased tickets to the Wang Center shows. Opp. at 7. However, the provisions Plaintiff cites to in his Complaint do not state or imply that The Wang Center knew it would later adopt COVID-19 policies at the time it sold Plaintiff tickets and yet failed to disclose that fact. Further, to plead a misrepresentation claim, the misrepresentation must be stated with the requisite specificity necessary to meet 9(b) pleading standards. *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). Plaintiff cannot meet this pleading threshold based on an implied omission – let alone when the Complaint is entirely devoid of facts to that effect. Plaintiff also cannot replead his Complaint in his Opposition.

Plaintiff's second and third attempts at identifying a misrepresentation, Opp. at 7-8, similarly fail to meet the specificity requirements set forth in 9b. Even assuming misrepresentations concerning the Boston Public Health Order or efficacy and safety of the COVID-19 vaccine and face masks were sufficient to satisfy 9(b) pleading requirements, Plaintiff has not alleged how those representations "induce[d] him to enter into a consumer transaction with Boch Center," and therefore has not alleged any reliance on the misrepresentations. Compl. ¶ 88. In fact, he alleges that Wang Center failed to disclose that it was implementing these policies until <u>after</u> he purchased his tickets, undermining any theory premised on Plaintiff's reliance on these misrepresentations in "engag[ing] in the transaction and mak[ing] payment on the same." *Id.* at ¶ 89.

4

Plaintiff's misrepresentation claim should therefore be dismissed. *See Blacksmith Invs., LLC v. Cives Steel Co.*, 228 F.R.D. 66, 72 (D. Mass. 2005) (granting motion to dismiss "since the complaint fail[ed] to allege the material element of reliance").

## IV. PLAINTIFF'S 93A CLAIM SHOULD BE DISMISSED

Plaintiff's 93A claim fails because it is barred as a matter of law based on the fact that The Wang Center is a charitable institution and therefore not engaged in "trade" or "commerce." Plaintiff does not address this argument in his Opposition. Instead, he takes issue with two cases cited by The Wang Center and mischaracterizes The Wang Center's argument in support of dismissal.[3]

As to the *Moran* case, contrary to Plaintiff's assertion, The Wang Center's Memorandum does not assert that *Moran* was dismissed in its entirety, only that the 93A claim was dismissed – which it was. In *Moran*, plaintiffs alleged that a charitable institution's "refusal to refund tuition payments, room and board, and fees following the March 2020 closure of its campus constitute[d] an unfair and deceptive business practice." *Moran v. Stonehill Coll., Inc.*, No. 2077CV00431, 2021 WL 965754, at *7 (Mass. Super. Feb. 16, 2021). The court dismissed the 93A claim finding "G.L.c. 93A [inapplicable] to Stonehill because it is a charitable corporation not engaged in trade or commerce." *Id.* Specifically, the court held that:

> "Stonehill's decision to reimburse certain charges but not others was part of Stonehill's larger process of deciding how best to continue educating its students when a pandemic forced it to shutter its campus and made in-person instruction impossible. As Stonehill's decisions regarding its response to the pandemic were made in the context of furthering its core mission of educating its students, it was not engaged in trade or commerce and Chapter 93A does not apply."

As in the *Moran* case, here, The Wang Center's COVID-19 policies were adopted to enable it to further its charitable mission of providing performing arts entertainment to patrons. Thus, The Wang Center was not engaged in trade or commerce when it decided to implement its COVID-19 policies; it was furthering

---

[3] The Wang Center cites the *Peabody Essex Museum* case in its Memorandum only to lay out the standard applicable to 93A claims – that to be actionable, the challenged misconduct must rise to the level of an "extreme or egregious" business wrong, "commercial extortion," or similar level of "rascality" that raises "an eyebrow of someone inured to the rough and tumble of the world of commerce." *See Peabody Essex Museum, Inc. v. U.S. Fire Ins. Co.*, 802 F.3d 39, 54 (1st Cir. 2015); Memo at 13. Whether the case itself is premised on similar facts is irrelevant and does not undermine The Wang Center's argument.

its charitable purpose. This bars Plaintiff's 93A claim in its entirety. *See Planned Parenthood Fed'n of Am. v. Problem Pregnancy of Worcester, Inc.*, 398 Mass. 480, 492-93 (1986) (holding that plaintiff's 93A claim against Planned Parenthood was barred because "the Legislature intended to exclude the activities engaged in by a [charitable] corporation such as PP, Inc. from the reaches of c. 93A.").

Plaintiff's 93A claim is also inadequately plead because Plaintiff has not identified actions that rise to the level of unfair or deceptive conduct required to state a 93A claim; the paragraphs cited to in Plaintiff's Complaint do not evince any "extreme or egregious business wrong or commercial extortion" or "rise to some similar level of rascality." *Peabody Essex Museum, Inc*., 802 F.3d at 54 (1st Cir. 2015).

## V.     PLAINTIFF'S PUBLIC ACCOMODATIONS AND ADA CLAIMS SHOULD BE DISMISSED

Plaintiff's ADA and public accommodations claims should be dismissed because he has not exhausted his administrative remedies, and in any event, has not adequately plead: (i) that he is disabled within the meaning of the ADA or was regarded as having a disability, (ii) that he was denied access to The Wang Center's shows due to a disability, or (iii) that The Wang Center failed to make a reasonable accommodation for him. Any one of these deficiencies warrants dismissal of Plaintiff's claims, particularly given that he now purports to have plead that he was "regarded as" having a disability and "the Supreme Court has implied that regarded as claims under the ADA require an even greater level of specificity than other [ADA] claims." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 86 (1st Cir. 2008).

### A)  Plaintiff Did Not Exhaust His Administrative Remedies.

"MCAD has been charged by the Legislature with addressing certain types of discrimination in the Commonwealth, including handicap discrimination." *Everett v. 357 Corp*., 453 Mass. 585, 599, 904 N.E.2d 733, 746 (2009). "[B]efore a complaint may be filed in the Superior Court, a plaintiff must first file with the MCAD 'a verified complaint in writing,' which shall 'set forth the particulars thereof and contain such other information as may be required by the commission.'" *Id.* (citing G.L. c. 151B, §). "The predicate of administrative filing is mandatory to filing a civil suit. It may not be waived." *Id.*; *see also Fant v. New England Power Serv. Co.*, 239 F.3d 8, 11 (1st Cir. 2001) ("A party who wants to file a civil action charging

discrimination in employment under Chapter 151B must first file the charge with the MCAD"); *Cook v. Entergy Nuclear Operations, Inc.*, 948 F. Supp. 2d 40, 47 (D. Mass. 2013) ("Because a claim of reasonable accommodation was never before the MCAD, plaintiff has failed to exhaust her administrative remedies and this Court lacks jurisdiction over a reasonable accommodation claim."); *E. Chop Tennis Club*, 364 Mass. 444, 453 (1973).

Plaintiff's Opposition apparently recognizes that exhaustion of administrative remedies is required prior to bringing his disability discrimination claims, and purports to have met this requirement. However, he contradicts this conclusory assertion by admitting that he never filed a complaint with MCAD because it was "not feasible for the plaintiff" to attend the agency interview required by MCAD prior to filing his Complaint. *See* Opp. at 12. This bars Plaintiff's public accommodations and ADA claims.

### B) Plaintiff Has Not Adequately Alleged That He Is Disabled.

For the reasons discussed in Defendant's Memorandum,[4] Plaintiff has not met his burden of alleging a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Plaintiff's Opposition appears to concede this point and instead pivots to arguing that he meets the definition of disability based on 42 U.S.C. § 1202(1)(C). However, this alternate disability standard is similarly unavailing.

"In order to allege an actionable regarded as claim, a plaintiff must select and identify the major life activity that she will attempt to prove the [defendant] regarded as being substantially limited by her impairment." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008). The Plaintiff must also allege that "a covered entity entertain[ed] misperceptions about the individual—it must [have] believe[d] either that one ha[d] a substantially limiting impairment that one d[id] not have or that one ha[d] a substantially limiting impairment when, in fact, the impairment is not so limiting." *Pacella v. Tufts Univ. Sch. of Dental Med.*, 66 F. Supp. 2d 234, 239 (D. Mass. 1999) (citations omitted); *see also Murphy v. United*

---

[4] One fundamental reason Plaintiff has not met this definition of disability is that he has not alleged the extent of any limitation caused by his impairment. *See Merricks v. Savers, Inc.*, No. CIV.A. 11-10956-DJC, 2012 WL 32579, at *7 (D. Mass. Jan. 6, 2012).

7

*Parcel Serv., Inc*., 527 U.S. 516, 521–22, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999) (noting that "a person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities").

To meet this burden, Plaintiff points to paragraph 12 of his Complaint and exhibit 3 (his doctor's note). *See* Opp. at 9. However, paragraph 12 does not identify any major life activity that The Wang Center allegedly viewed as being substantially limited by Plaintiff's impairment and neither does his doctor's note. In fact, Plaintiff's Complaint does not identify any major life activity that was allegedly limited by his face mask impediment – or that The Wang Center viewed as being limited. It also does not alone state or otherwise imply that The Wang Center stereotyped, mischaracterized, or misperceived Plaintiff. This failure to allege that he was "regarded as" having a disability warrants dismissal of Plaintiff's ADA and public accommodations claims. *See Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (dismissing regarded as claim where "[t]here [wa]s no factual allegation that Ruiz Rivera had any non-limiting impairment which Pfizer wrongly regarded as limiting a major life activity; any allegation that Pfizer had "stereotyped" her; or anything in fact that could remotely be characterized as a description of an impairment being mischaracterized or misperceived"); *Merricks v. Savers, Inc*., No. CIV.A. 11-10956-DJC, 2012 WL 32579, at *7 (D. Mass. Jan. 6, 2012) (granting motion to dismiss where "the complaint fail[ed] to adequately allege that [the defendant] perceived [the plaintiff] to be substantially limited in the major life activity of working due to her alleged handicap.").

### C) Plaintiff Has Not Adequately Alleged He Was Denied Access To The Wang Center Because Of Any Disability.

Plaintiff has not alleged that he was actually denied access to The Wang Center's premises. Instead, he alleges that The Wang Center's "policy led him to believe he would be barred from attending the shows for which he had purchased tickets on the basis of his disability." Compl. ¶ 12 (emphasis added). Plaintiff's belief that he would be barred is not the same as actually being "denied the benefits of [] a public entity's 'services, programs or activities.'" *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000).

Plaintiff also has not alleged that any impediment he faced to attending The Wang Center's shows

was due to a disability – instead, he alleges he anticipated he would be denied access due to his failure to wear a mask. A New York court faced with markedly similar facts recently decided this issue. In *Fradys*, the plaintiff brought an ADA claim after he was denied entry to Plains Road Fitness Group, LLC's gym "because he refused to wear a mask." *See Fradys v. Rondeau*, No. 21-CV-7891 (JGK), 2022 WL 1289674, at *4 (S.D.N.Y. Apr. 29, 2022). The plaintiff's membership was ultimately canceled, and the plaintiff then brought an ADA claim alleging that he was "denied entry as a result of [his] disabilities." *Id.* The Court ultimately dismissed the plaintiff's ADA claim holding that

> "[W]hile the plaintiff alleges that he suffers from epilepsy, chronic stress, and anxiety disorders, the plaintiff does not adequately allege that he was denied access to the facility because of any of these disabilities or because of the failure to make reasonable accommodations for his disabilities. To the contrary, the plaintiff specifically alleges that he was denied access to the facility because he refused to wear a mask."

Here, as in *Fradys*, the reason Plaintiff alleges he was barred from accessing The Wang Center's facility was his refusal to wear a mask, not any underlying physical or mental impairment Plaintiff was regarded as having. 42 U.S.C. § 12102(1)(A); 28 C.F.R. § 35.108. In fact, nowhere in his Complaint or attached exhibits does Plaintiff identify any underlying mental or physical impairment aside from a doctor's note stating that he has a "private medical condition." *See* Compl. Ex. 3. Plaintiff's claims fail on this basis.

### D) Plaintiff Does Not Adequately Allege That The Wang Center Failed To Make A Reasonable Accommodation For Him.

Plaintiff alleges that he informed The Wang Center of his disability through his September 16, 2021 93A Demand Letter, attached as Exhibit 9 to his Complaint. *See* 93A Demand Letter. However, the 93A Demand Letter does not contain an "identifiable request for accommodation." *Bartlett v. N.Y. State Bd. of Law Exam'rs,* 226 F.3d 69, 86 (2d Cir. 2000). Instead, it threatens litigation, concludes that The Wang Center's policies are unlawful, and demands that those policies be rescinded. *See* 93A Demand Letter. Plaintiff's ADA and public accommodations claims fail on this basis. *Bartlett v. N.Y. State Bd. of Law Exam'rs,* 226 F.3d 69, 86 (2d Cir.2000) (holding that plaintiff failed to establish any failure to accommodate on the part of board examiners where he relied on a demand letter that did not "contain an identifiable request for accommodation" and instead "threaten[ed] litigation and end[ed] essentially with a legal conclusion that

9

'there [wa]s no rational reason to deny Board certification to Dr. Shaywitz.'").

## VI. PLAINTIFF'S SECTION 1983 CLAIM SHOULD BE DISMISSED

Apparently realizing his Section 1983 claim is foreclosed by precedent, without citing any First Circuit case law substantiating his position, Plaintiff asks this Court to overrule the *Manning v. Whole Foods* decision. Opp. 13-14. This Court should reject Plaintiff's self-serving request and rule, consistent with *Manning*, that adopting a policy in line with a government order is not sufficient to render The Wang Center a state actor.

## VII. PLAINTIFF'S CLAIMS ARE BARRED BY THE TERMS' RELEASE OF LIABILITY

Even if Plaintiff had adequately plead his claims – which he has not – they would nevertheless be barred by the release of liability contained in the Terms. Although Plaintiff asserts that a release cannot bar claims from being brought based on civil and constitutional rights, *see* Opp. at 5, he has cited no case law to that effect and The Wang Center is unaware of any. And in any event, a release can certainly bar Plaintiff's other claims. *See, e.g., Dolan v. Chase Home Fin., LLC*, No. 12-11662-GAO, 2015 U.S. Dist. LEXIS 105383, at *31-33 (D. Mass. July 10, 2015) (breach of contract claims foreclosed by release in contract).

## CONCLUSION

For the reasons stated herein, and in The Wang Center's Memorandum, Plaintiff's Complaint should be dismissed with prejudice.

Dated:  June 15, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　The Wang Center for the Performing Arts, Inc.
　　　　　　　　　　　　　　　　　　　　d/b/a Boch Center

　　　　　　　　　　　　　　　　　　　　By its attorneys,

　　　　　　　　　　　　　　　　　　　　/s/ *Bruce E. Falby*
　　　　　　　　　　　　　　　　　　　　Bruce E. Falby (BBO No. 544143)
　　　　　　　　　　　　　　　　　　　　Kelsey Tavares (BBO No. 705934)
　　　　　　　　　　　　　　　　　　　　DLA PIPER LLP (US)
　　　　　　　　　　　　　　　　　　　　33 Arch Street, 26th Floor
　　　　　　　　　　　　　　　　　　　　Boston, MA 02110-1447
　　　　　　　　　　　　　　　　　　　　(617) 406-6000 (telephone)
　　　　　　　　　　　　　　　　　　　　(617) 406-6100 (facsimile)
　　　　　　　　　　　　　　　　　　　　bruce.falby@us.dlapiper.com
　　　　　　　　　　　　　　　　　　　　kelsey.tavares@us.dlapiper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished this 15th day of June, 2022 via email and first class mail to:

Michael Bush
280 Lowell Street
Carlisle MA 01741
frymesomebacon@protonmail.com

*Plaintiff*

/s/ *Bruce E. Falby*
Bruce E. Falby