**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL BUSH,<br><br>Plaintiff,<br><br>v.<br><br>THE WANG CENTER FOR THE PERFORMING ARTS, INC. d/b/a Boch Center,<br><br>Defendant. | Case No.: 1:22-cv-10473-NMG |

**DEFENDANT'S OPPOSITION TO MOTION TO COMPEL INITIAL DISCLOSURES, RULE 26(F) CONFERENCE, DISOVERY, AND COMPLIANCE WITH LOCAL R. CIV. P. 7.1(A)(2) AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A STAY OF DISCOVERY PENDING DECISION ON THE WANG CENTER'S MOTION TO DISMISS**

Plaintiff's Motion to Compel Initial Disclosures, Rule 26(f) Conference, Discovery, and Compliance with Local R. Civ. P. 7.1(a)(2) ("Motion to Compel") is premature and should be denied because a scheduling conference has not yet been set and good cause exists to delay the Rule 16 scheduling order, meaning that it is not yet "due." Plaintiff's request for sanctions should also be denied because: (i) counsel for Defendant The Wang Center for the Performing Arts, Inc. d/b/a Boch Center ("The Wang Center") did not "refuse" to participate in a Local Rule 7.1 conference, (ii) the deadline for a Rule 26(f) conference has not passed, (iii) further conferral between the parties likely would not have resolved or narrowed the issues in Plaintiff's Motion to Compel, and (iii) Plaintiff did not notify The Wang Center that it was moving for sanctions.

Further, The Wang Center requests that this Court stay discovery in this case until after The Wang Center's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss is decided. The Wang Center's pending Motion to Dismiss is likely to significantly narrow, if not resolve, this dispute and obviate the need for discovery. Granting The Wang Center's Motion for a Stay of Discovery Pending

Decision on The Wang Center's Motion to Dismiss ("Motion to Stay") would therefore be in the interests of efficiency, and conserve the parties' resources. Any resulting prejudice to the Plaintiff in granting the Motion to Stay would be slight given that The Wang Center is only requesting a temporary stay of discovery until this Court rules on its pending Motion to Dismiss.

For these reasons, and others stated herein, The Wang Center asks that its Motion to Stay be granted and that Plaintiff's Motion to Compel and request for sanctions be denied.

## ARGUMENT

### A) Plaintiff's Motion to Compel Should Be Denied

Fed. R. Civ. P. 26(f) sets forth timing requirements for Rule 26 conferences and states that:

> "Except in a proceeding exempted from initial disclosure under Rule ]26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

Plaintiff asserts in conclusory terms – and without citing any case law in support – that this provision means that the Rule 26(f) conference must take place at least 21 days before whichever is due or scheduled first – the date that a scheduling conference is to be held, or the date that a scheduling order is due under Rule 16(b). However, Rule 26(f)(1) explicitly uses the word "or" not "and" meaning that the Rule 26(f) conference need only occur before one of the two events – not both. In this case, no scheduling conference has been set meaning the deadline for the parties to hold a Rule 26(f) conference – 21 days before the date of the scheduling conference – has not passed. Plaintiff's Motion to Compel is therefore premature and inappropriate. Plaintiff's Motion to Compel should be denied on this basis. *See United States v. Little*, 176 F.R.D. 420, 421 (D. Mass. 1997) (stating that the deadline for the parties to confer based on Rule 26(f) and Local Rule 16.1(b) was triggered by the date of the scheduling conference).

Even if Rule 26(f) required the parties to confer at least 21 days before both a scheduling order is due under Rule 16(b) and before a scheduling conference, the time frame imposed by Rule 16(b) is not rigid. Instead, Rule 16(b) allows the court discretion to issue a scheduling order after the 60- or 90-day window if "the judge finds good cause for delay." *See* Fed. R. Civ. P. 16(b)(2). Here, good cause exists for delaying discovery, and consequently, for delaying the scheduling order. Proceeding with the Rule 26(f) conference would trigger Rule 26(a) initial disclosure obligations and allow Plaintiff to seek discovery per Rule 26(d). However, the Wang Center's Motion to Dismiss is currently pending and Plaintiff has already conceded in its Opposition to The Wang Center's Motion to Dismiss that a number of its claims fail. In fact, it is likely that the case will be dismissed in its entirety given that Plaintiff's claims are inadequately plead. Thus, proceeding with discovery now would unnecessarily expend the parties' resources in the event this court grants The Wang Center's pending Motion to Dismiss. Because the Rule 26(f) conference triggers the parties' discovery obligations, in the event the date the scheduling order is due under Rule 16(b) is deemed to trigger the parties' Rule 26(f) conference deadline (despite the lack of scheduling conference), the scheduling order's due date under Rule 16(b) should be deferred.

In *Applera Corp.* when faced with a similar situation, the court denied a motion to compel a Rule 26(f) conference brought by the plaintiff. [1] *See Applera Corp. v. Michigan Diagnostics, \LLC*, No. CIV.A. 07-10547-GAO, 2007 WL 4370321 (D. Mass. Dec. 11, 2007). In that case, as here, defense counsel responded to plaintiff's request for a Rule 26(f) conference and declined to participate within the time frame provided by the plaintiff, citing the lack of any date set for a scheduling conference and the prematurity of the request given the pending motion to dismiss

[1] A copy of the Motion to Compel and Opposition in *Applera Corp.* are attached hereto as Exhibit A.

which it believed would dispense with the claims at issue. *See* Ex. A. The plaintiff then moved to compel the defendant's participation in a Rule 26(f) conference and sought attorney's fees and costs incurred in connection with bringing its motion. *Id.* Rather than ordering the Rule 26(f) conference to take place or deeming the defendant's refusal to participate delinquent, the Court deferred the Rule 26(f) conference until after "a date for a scheduling conference w[as] [] set."

Other courts have also denied similar motions to compel Rule 26(f) conferences as premature, particularly while motions to dismiss are pending. *See, e.g.*, *Williams v. Pegasus Residential*, *LLC*, No. 1:18CV1030, 2019 WL 8586707 (M.D.N.C. May 3, 2019) (denying motion to conduct a Rule 26(f) conference where defendants' motion to dismiss was pending and the court had not scheduled an initial pretrial conference); *Reinoehl v. Centers for Disease Control & Prevention*, No. 3:21-CV-608-DRL-MGG, 2021 WL 8650455 (N.D. Ind. Nov. 4, 2021) (denying motion to compel Rule 26(f) conference and staying discovery where a "Rule 16(b) scheduling order and its counterpart, a Rule 26(f) parties' planning meeting, [we]re premature" due to pending motions to dismiss that would "clarify the scope of the claims and defenses at issue in th[e] case."); *Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12CV1226-CAB (MDD), 2013 WL 12072533 (S.D. Cal. Jan. 16, 2013) (denying motion seeking order requiring Defendants to participate in Rule 26(f) conference and holding that "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear. It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted.").

Thus, even if Rule 16(b)'s time frame were determinative, good cause exists to deem the scheduling order not yet due to enable the parties' Rule 26(f) conference – and more broadly, discovery – to be delayed in this case until a ruling is promulgated on the pending Motion to

Dismiss. *See Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery.").

In sum, because no scheduling conference has been set in this case, and because the scheduling order should not be deemed "due," the deadline for the parties' Rule 26(f) conference has not yet passed. Plaintiff's Motion to Compel should be denied on this basis.

**B) <u>Sanctions Are Inappropriate and Unwarranted.</u>**

Plaintiff asks that The Wang Center's counsel be sanctioned for failing to engage in a Rule 26(f) conference and for "refus[ing] to engage in the requisite Local R. Civ. P. 7.1(a)(2) conference" related to this motion to compel. *See* Motion to Compel at 5-7. As to the first basis for sanctions, as discussed in section (A), supra, the deadline for a Rule 26(f) conference has not passed, making sanctions wholly inappropriate.

As to the Rule 7.1 conference, "[s]anctions are unwarranted where conferral between the parties likely would not have resolved or narrowed the issues." *Padmanabhan v. Healey*, 159 F. Supp. 3d 220, 226 (D. Mass. 2016), aff'd, No. 16-1159, 2017 WL 3404402 (1st Cir. Jan. 4, 2017) (denying plaintiff's motion for sanctions); *see also Laporte v. Lab'y Corp. of Am. Holdings*, No. CIV. 13-12084-FDS, 2014 WL 2818591, at *7 (D. Mass. June 20, 2014) (declining to impose sanctions where "even assuming defendants violated Local Rule 7.1(a)(2)" "it does not appear that any of the issues in contention would have been resolved or narrowed"). The Wang Center and Plaintiff discussed their positions as to the deadline for the Rule 26(f) conference extensively as is evidenced by Plaintiff's exhibits to his Motion to Compel. Further conferral between the parties likely would not have resolved or narrowed the issues as to the Rule 26(f) deadline, making sanctions "unwarranted."

Further, Plaintiff's allegation that The Wang Center's counsel "refus[ed]" to engage in a Rule 7.1 conference is patently false. The Wang Center's counsel stated that as to the Rule 26(f) conference, it would "wait until the motion to dismiss is resolved prior to meeting and conferring regarding scheduling for this case, as conferring regarding scheduling might be obviated in its entirety." *See* Exhibit 1 to Motion to Compel. The Wang Center's counsel also stated that "[i]n the event the Court sets a scheduling conference, [they] w[ould] reevaluate and ensure [] compliance with Rule 26f's 21 day deadline." *Id.* Thus, the "refusal" Plaintiff cites was not a refusal to confer regarding an impending motion that Plaintiff indicated he was affirmatively going to file, rather, The Wang Center's counsel was reiterating its position that it was premature to engage in a Rule 26(f) conference.

In fact, it is the Plaintiff who has failed to comply with Local Rule 7.1 by failing to inform The Wang Center – at any point – that it was contemplating moving for sanctions. "This alone [is] reason enough to deny [Plaintiff's] Motion" and "[i]n fact, that failure is sufficient to warrant sanctions against [Plaintiff]." *Martinez v. Hubbard*, 172 F. Supp. 3d 378, 383 (D. Mass. 2016) (denying plaintiff's motion for sanctions where plaintiff failed to provide defendant's counsel with notice of its intent to move for sanctions, and noting that plaintiff's failure to confer regarding his intent to move for sanctions was sufficient to warrant sanctions against the plaintiff); *see also Converse, Inc. v. Reebok Int'l, Ltd.*, 328 F. Supp. 2d 166, 171 (D. Mass. 2004) (sanctioning Converse $15,000 for failure to comply with Local Rule 7.1) (citing *Converse, Inc. v. Reebok Int'l, Ltd.*, 328 F. Supp. 2d 166, 171 (D. Mass. 2004)).

In sum, Plaintiff's request for sanctions should be denied because: (i) The Wang Center's counsel never "refused" to participate in a Local Rule 7.1 conference, (ii) The Wang Center was not delinquent in its participation in a Rule 26(f) conference and in fact, indicated their willingness

to confer at a later date, (iii) further conferral between the parties regarding Rule 26(f) obligations likely would not have resolved or narrowed the issues, and (iv) the Plaintiff failed to confer or even notify The Wang Center that it would be moving for sanctions.

**C) <u>Discovery Should Be Stayed Pending Resolution of The Wang Center's Motion to Dismiss.</u>**

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc*., 385 F.3d 72, 77 (1st Cir. 2004). In particular, "[t]he court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dep't of Corr.*, Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Proceeding with discovery where all or part of the case may be dismissed imposes unnecessary costs on the parties and outweighs the slight delay stemming from staying discovery pending resolution of a motion to dismiss. *See Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *3 (D. Mass. Sept. 27, 2021) ("On balance, the possible prejudice to PEW of some further delay in this litigation does not justify the costs of requiring the parties to engage in discovery at least some of which may be avoided depending on the court's ultimate rulings on the motions to dismiss."); *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, Civil Action No. 15-14188-MLW, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016) ("[I]t makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed."); Fed. R. Civ. P. 26(b)(2)(C)(iii) (giving the court discretion to limit the frequency and extent of discovery if, among other factors, "the burden or expense of the proposed discovery outweighs the likely benefit.").

For this reason, courts within this circuit have routinely held that a motion to dismiss constitutes "good cause" warranting a stay pending resolution of such a motion. *See Channing*

*Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) (granting motion for a stay of discovery and holding that "[i]n view of the good cause created by the pending motions to dismiss all claims, holding discovery in abeyance until such time as the rulings on the dispositive motions become final will not unreasonably delay the litigation."); *Dicenzo v. Massachusetts Dep't of Correction*, No. 3:15-CV-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (granting motion to stay discovery until resolution of pending Fed. R. Civ. P. 12(b)(6) motions to dismiss in light of the "relatively brief delay in Plaintiff's receipt of discovery if Defendants' dispositive motions are denied" and expense to Defendants absent a stay); *Holland v. Select Portfolio Servicing, Inc*., 301 F. Supp. 3d 218, 227 (D. Mass. 2018) (granting motion to stay discovery pending resolution of motions to dismiss and finding it to be "the most efficient way to proceed."); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc*., No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) (granting motion to stay pending resolution of motion to dismiss and noting that "[a] pending dispositive motion constitutes good cause for a stay of discovery."); *Kleinerman v. U.S. Postal Service*, 100 F.R.D. 66, 68 (D. Mass. 1983) (holding that it is a well-established principle that "it is appropriate to defer discovery until preliminary questions that may dispose of the case are determined.").

A stay of discovery obligations in this case pending resolution of The Wang Center's Motion to Dismiss is appropriate because it would facilitate the efficient resolution of this litigation and would not prejudice the Plaintiff. Since The Wang Center filed its Motion to Dismiss, Plaintiff has already conceded that a number of its claims are not viable and should be dismissed. *See* Opposition to Motion to Dismiss. Because the remaining claims brought by Plaintiff are inadequately plead, as described in The Wang Center's Motion to Dismiss, it is likely they will

also be disposed of. Awaiting this Court's resolution of the pending Motion to Dismiss will thus further the efficient resolution of this matter by avoiding unnecessary discovery. Further, any prejudice to Plaintiff imposed by a stay of discovery pending a ruling on the Motion to Dismiss would be slight given that such a stay would only last until a decision on the Motion to Dismiss is rendered. Thus, this Court should stay all discovery in this case, including Fed. R. Civ. P. 26(a) and (f) obligations, until a decision is rendered on The Wang Center's Motion to Dismiss. *See Stote v. Maloney*, No. CV 03-12067-RWZ, 2007 WL 9797505, at *2 (D. Mass. June 14, 2007) (staying discovery and granting motion for exemption from Fed. R. Civ. P. 26(a) and (f) where discovery was "premature" "given the pendency of the motion for summary judgment").

## **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel and grant The Wang Center's Motion to Stay.

Dated: June 21, 2022

Respectfully submitted,

The Wang Center for the Performing Arts, Inc.
d/b/a Boch Center

By its attorneys,

/s/ *Bruce E. Falby*

Bruce E. Falby (BBO No. 544143)
Kelsey Tavares (BBO No. 705934)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000 (telephone)
(617) 406-6100 (facsimile)
bruce.falby@us.dlapiper.com
kelsey.tavares@us.dlapiper.com

**REQUEST FOR ORAL ARGUMENT**

Given the nature of the motion and the issues of law presented throughout the Memorandum, The Wang Center hereby respectfully requests oral argument on the present Motion to Stay pursuant to Local Rule 7.1(d) of the U.S. District Court for the District of Massachusetts.

**LOCAL RULE 7.1 STATEMENT**

Pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, counsel for The Wang Center certifies that on June 20, 2022, and June 21, 2022, she reached out via e-mail and phone to Plaintiff to confer regarding the instant Motion to Stay in an effort to resolve or narrow the issues in good faith. Plaintiff responded by email on June 21 that he was available to confer on June 22. Counsel for The Wang Center responded by email describing the Motion to Stay, offering to speak with Mr. Bush any time on the afternoon of June 21, and explaining that they would be filing the Motion on June 21 as it is intertwined with their opposition to Plaintiff's Motion to Compel. Counsel for the Wang Center offered to forgo their motion if Mr. Bush withdrew his and invited an email response if he was unavailable by phone. Mr. Bush did not respond on the afternoon of June 21. Counsel for the Wang Center did not expect that Plaintiff would agree to their offer or to the relief requested in The Wang Center's Motion to Stay discovery in the above-captioned action given that Plaintiff has already filed a Motion to Compel the same discovery.

/s/ *Kelsey Tavares*
Kelsey Tavares

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished this 15th day of June 21, 2022 via email and first class mail to:

Michael Bush
280 Lowell Street
Carlisle, MA 01741
frymesomebacon@protonmail.com

*Plaintiff*

/s/ *Bruce E. Falby*
Bruce E. Falby