# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| APPLERA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 07-CA-10547-GAO |
| | ) | |
| v. | ) | |
| | ) | |
| MICHIGAN DIAGNOSTICS, LLC, | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF APPLERA CORPORATION'S MOTION TO COMPEL DEFENDANT'S PARTICIPATION IN A RULE 26(F) CONFERENCE

Pursuant to Fed. R. Civ. P. 37(g), Plaintiff Applera Corporation, acting by and through its division Applied Biosystems Group (hereinafter "Applied Biosystems"), hereby moves this Court for an order (a) compelling Defendant Michigan Diagnostics LLC ("Michigan Diagnostics") to participate in a Fed. R. Civ. P. 26(f) discovery planning conference and (b) requiring Defendant to pay the reasonable attorney's fees and costs incurred as a result of Defendant's refusal to confer.

### INTRODUCTION

Since August 3, 2007, Plaintiff's counsel has sought repeatedly to confer with Defendant's counsel in order to develop a joint discovery plan, as required by Fed. R. Civ. P. 26(f). Defendant's counsel has repeatedly refused to confer, on the ground that doing so would be a "waste of resources" in light of Defendant's pending motion to dismiss or transfer. For the reasons detailed below, Defendant's refusal to participate in discovery has no legal basis, makes no practical sense, and serves no purpose but delay. The Court therefore should compel Defendant's participation in a Rule 26(f) conference and award Plaintiff the costs and fees resulting from Defendant's unwarranted refusal to confer.

1

## FACTUAL BACKGROUND

On August 3, 2007, Applied Biosystems served its Initial Disclosures in this action pursuant to Fed. R. Civ. P. 26(a)(1) and requested a Rule 26(f) conference by August 10, 2007. See Declaration of T. Christopher Donnelly ("Donnelly Decl."), at ¶ 2.[1] Defense counsel, Kirk Teska, reported by telephone that he was unavailable for the conference until August 13, 2007. Plaintiff's counsel responded by proposing that the conference take place the week of August 13, 2007. Id. at ¶ 3.

By letter dated August 9, 2007, Mr. Teska declined to participate in a Rule 26(f) conference because "a discovery conference need not be held until 21 days before a court ordered scheduling conference" and in light of Michigan Diagnostics LLC's pending motion to dismiss or transfer. Id. at ¶ 4. In Defendant's view, "conferring pursuant to Rule 26(f) and the preparation of a discovery plan would be a waste of resources at this time." Id.

By letter dated August 10, 2007, Plaintiff's counsel responded that there was no reason to delay the Rule 26(f) conference, particularly in light of concessions Michigan Diagnostics had made in its motion to dismiss or transfer. Id. at ¶ 5. Applied Biosystems also noted that because there would be continuing litigation between the parties in any event, whether in Massachusetts or Michigan, there was no reason to delay conferring on discovery. Id.

By email dated August 13, 2007, Mr. Teska responded that he would not proceed with the Rule 26(f) conference for the reasons stated his August 9, 2007 letter. Id. at ¶ 6.

---

[1] Most of the facts relevant to this motion are detailed in the Declaration of T. Christopher Donnelly (Electronic Docket No. 11), which was filed on August 17, 2007, together with Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer. Facts arising subsequent to the filing of Plaintiff's Opposition on August 17, 2007, are set forth in the Declaration of Adam B. Ziegler ("Ziegler Decl."), filed simultaneously with this motion.

By letter dated August 17, 2007, Plaintiff's counsel urged Mr. Teska to reconsider his refusal to confer, referring to the authorities below and to Michigan Diagnostics' initiation of a separate declaratory judgment action in Michigan. See Ziegler Decl. ¶ 2. Plaintiff's counsel reiterated the request for a discovery planning conference and proposed August 20, 2007 as a potential date. Id. Mr. Teska never responded to Plaintiff's counsel's request. Id.

On August 29, 2007, Michigan Diagnostics filed, in the Michigan Action, its opposition to the motion to dismiss or transfer that had been filed by Applied Biosystems. Id. at ¶ 4. In its brief, Michigan Diagnostics asked the federal court in Michigan to defer decision on Applied Biosystems' motion pending this Court's resolution of the motion to dismiss filed by Michigan Diagnostics. Id. The Michigan court has scheduled a hearing on Applied Biosystems' motion for September 26, 2007. Id. at ¶ 3.

**ARGUMENT**

Michigan Diagnostics' refusal to confer has no legal basis and makes no practical sense. Pendency of a motion to dismiss is not a recognized basis for refusing to participate in the preparation of a discovery plan. See Fed. R. Civ. P. 26, Advisory Committee Notes, 146 F.R.D. at 643 ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case."); see also 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2051.1 (2007) ("Defendants are obliged to participate even if they have made a motion under Rule 12.") Indeed, Rule 26(f) itself commands parties to confer "as soon as practicable" and no later than "at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). Defendant's attempt to

Case 4:22-cv-10753-NMG Document 35-1 Filed 06/21/22 Page 4 of 11

3

misconstrue this 21 day <u>outer limit</u> as a justification for refusing to participate in discovery planning "as soon as practicable" has no merit.

Moreover, as a practical matter, whatever the outcome of the motions pending here and in Michigan, this litigation will proceed between these two parties; the parties will have to participate in a discovery planning conference; and the same discovery likely will be necessary. Thus, no resources will be wasted by complying with Fed. R. Civ. P. 26(f) and moving forward with this litigation now. The Court therefore should compel Michigan Diagnostics to participate in the discovery planning process immediately.

Finally, Fed. R. Civ. P. 37(g) specifically authorizes courts to award reasonable expenses, including attorney's fees, resulting from a party's or a party's attorney's "fail[ure] to participate in the development and submission of a proposed discovery plan as required by Rule 26(f)." Such an award is warranted here by counsel's repeated and unjustified refusal to confer.

## REQUEST FOR ORAL ARGUMENT

On August 23, 2007, counsel for Applied Biosystems filed a notice requesting hearing on Defendant's motion to dismiss or transfer and proposing September 12 and September 19 as potential dates. The Court has not yet acted on that request. Counsel for Applied Biosystems respectfully requests that the instant motion be heard together with the Defendant's motion to dismiss or transfer, and that both motions be heard on September 12 or September 19 if possible.

Additionally, as noted above, Judge Edmunds of the U.S. District Court for the Eastern District of Michigan has scheduled a hearing on Applied Biosystems' motion to dismiss or transfer the Michigan Action for September 26, 2007. Given that Michigan Diagnostics has asked Judge Edmunds to defer decision on Applied Bioystems' motion until after this Court has

4

ruled on Michigan Diagnostics' own motion, it would be efficient for this Court to schedule a hearing to take place in advance of September 26, if convenient for the Court.

Respectfully Submitted,

APPLERA CORPORATION

By its attorneys,

/s/ Adam B. Ziegler
T. Christopher Donnelly (BBO # 129930)
Adam B. Ziegler (BBO # 654244)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

Of Counsel:
Steven B. Kelber
Jagtiani & Guttag
10363-A Democracy Lane
Fairfax, VA 22030
(703) 591-2664

Dated: August 31, 2007

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I certify that on August 31, 2007, I called the office of Kirk Teska, counsel for Defendant Michigan Diagnostics, to confer in an attempt to resolve or narrow the issues addressed in this motion. No one from Mr. Teska's office answered the phone. I left a voicemail for Mr. Teska. As of this filing, neither he nor anyone from his office has responded.

/s/ Adam B. Ziegler
Adam B. Ziegler (BBO # 654244)

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Defendant's counsel.

/s/ Adam B. Ziegler
Adam B. Ziegler (BBO # 654244)

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

APPLERA CORPORATION,  )
                      )
         Plaintiff,   )
                      )    Civil Action No.:
    v.                )
                      )    1:07-cv-10547-GAO
MICHIGAN DIAGNOSTICS, LLC, )
                      )
         Defendant    )
                      )

**DEFENDANT MICHIGAN DIAGNOSTICS, LLC'S. REPLY TO PLAINTIFF APPLERA'S MOTION TO COMPEL DEFENDANT'S PARTICIPATION IN A RULE 26(f) CONFERENCE**

NOW COMES the Defendant Michigan Diagnostics LLC and hereby respond to Plaintiff's Motion to Compel Rule 26(f) Conference.

It will be established hereinafter that the motion should be denied and, in fact, Plaintiff should be ordered to pay to Defendant its reasonable attorney's fees and costs incurred as a result of having to respond to the Plaintiff filing its motion.

**FACTUAL BACKGROUND**

As this Court is aware the Plaintiff in this case surreptitiously filed a complaint for patent infringement alleging two patents after breaching its promise to have a meeting to see if potential issues between the parties could be resolved.

Subsequently, seeing the Complaint (but before ever being served) after advising the Plaintiff that the two patents which it asserted in its initial complaint had expired, the Plaintiff, surreptitiously, again, filed a First Amended complaint citing a third patent.

Thereafter, the Defendant advised the Plaintiff that the third patent had been abandoned in 2004 for failure to pay maintenance fees. In spite of all of this, the Plaintiff has gone forward with this case.

In response to the First Amended Complaint, the Defendant filed its presently pending Motion to Dismiss and/or to Transfer this case to the United States District Court for the Eastern District of Michigan, Southern Division.

Yet, knowing full well that the Rule 26(f) Conference is improvident under these circumstances, and not even required at this point in time, the Plaintiff seeks to compel an action by Defendant which is wholly uncalled for. For the reasons pointed out hereinbelow it is submitted that the Motion should be denied on its own, without oral argument, as being untimely and interposed strictly for purposes of harassment.

## ARGUMENT

Defendant submits to this Court that there can only be two purposes for Plaintiff filing its Motion:

(1)  The Plaintiff is attempting to set up an aura of acquiescence to this jurisdiction in order to fortify any position it believes it may have with respect to proper venue and jurisdiction, or

(2)  The Plaintiff is purposefully imposing economic burden on this Defendant by forcing it to defend against meritless motions. In other words, this is a Motion and the need to respond is punishment to a small business for its failure to succumb to the onerous demands of the Plaintiff.

2

Both F.R.Civ.P. 26 as well as these Districts' Local Rules 16.1 establish, without doubt, that the necessity for a Rule 26(f) conference is not merited nor warranted at this time. Rule FRCP 26(f) says quite clearly that:

> "Except in categories of proceedings exempted for initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable, and in any event at least <u>21 days before a Scheduling Conference is held or a Scheduling Order is due under Rule 16(b) confer to consider the nature and basis of their claims . . . .</u>" (emphasis added)

The scope of the initial disclosures is set forth in Rule 26(a) and requires that it be made at or within <u>14 days after</u> the Rule 26(f) conference.

Under the Local Rule and, specifically, Rule 16.1, the Court is to set a scheduling conference within 90 days after the appearance of a Defendant and within 120 days after the Complaint has been served. This Local Rule further requires that counsel is to confer at least 21 days <u>before the date for the Scheduling Conference</u>. Here, no Scheduling Conference has been scheduled. This is the long and the short of it. Nor is it appropriate to set one at this point in time until the Motion to Dismiss has been resolved.

As noted above, it is apparent that the true underlying reason for this Motion is to cause the Defendant to expend its resources. This position is buttressed by the fact that when the Amended Complaint was first served, counsel for the Defendant requested an extension of time in which to respond. This was totally rebuffed by Plaintiff's counsel. Rather, Plaintiff's counsel stated that it would be necessary for Defendant to dismiss the pending action in Michigan (to the Court to which transfer is requested herein) in order to get an extension of time in which to respond to the First Amended Complaint. This

3

"condition precedent blackmail", as opposed to civility between counsel, is only borne out by the present motion. Again, the Plaintiff is causing the Defendant to expend resources in responding to a motion which has no merit.

To add further insult to injury, the Plaintiff then requests oral argument knowing that will cause the Defendant to appear in Court with the attendant attorney's fees and costs.

Arguably, the Plaintiff is attempting to cast this case, prior to the Court's ruling on Defendant's Motion to Dismiss and/or Transfer with an aura of it already being litigated in this forum. Certainly, if Rule 26 disclosures are made there is a scintilla of that aura. Defendant should not be forced to fall prey to this tactic.

## CONCLUSION

On its face, the Motion is frivolous, untimely and interposed solely for purposes of harassment and to impose economic hardship on the Defendant. Accordingly, it is requested that the Motion be denied and that the Defendant be awarded its reasonable attorney's fees and costs in having to oppose this Motion.

|  |  |
|---|---|
|  | Respectfully submitted<br>Attorneys for Defendant Michigan Diagnostics, LLC |
| Dated: September 7, 2007 | /s/ Roy J. Coleman<br>Roy J. Coleman (BBO #652243)<br>Kirk Teska (BBO #559192)<br>Iandiorio & Teska<br>260 Bear Hill Road<br>Waltham, MA 02451<br>Email: rcoleman@iandiorio.com<br>Phone: 781-890-5678<br>Fax: 781-890-1150 |

4

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) on September 7, 2007, and if there are non-registered participants, the Notice of Appearance will be sent by first-class mail.

/s/ Roy J. Coleman
Roy J. Coleman (BBO #652243)

5