FILED
IN CLERKS OFFICE

2022 JUN 28 AM 11: 53

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts
## Eastern Division

|  |  |  |
|---|---|---|
|  | ) Case No. | 1:22-cv-10473 |
| MICHAEL BUSH,<br>*Pro Se Plaintiff*<br><br>VS.<br><br>THE WANG CENTER FOR THE<br>PERFORMING ARTS, INC. d/b/a Boch Center<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A STAY OF DISCOVERY PENDING DECISION ON THE <u>WANG CENTER'S MOTION TO DISMISS</u>
*Pursuant to Local Rule of Civil Procedure 7.1(b)(2)*

Plaintiff opposes herewith the Defendant's Motion For A Stay Of Discovery Pending Decision On The Wang Center's Motion To Dismiss:

## TABLE OF CONTENTS

*Memorandum of Reasons* ........................................................................................................... 3
   The motion is for improper purposes ................................................................................... 3
   The motion lacks a memorandum of reasons ....................................................................... 3
   No factual contentions were made ........................................................................................ 4
   The certificate of service is untruthful .................................................................................. 5
   The Defendant failed to confer .............................................................................................. 5
   The Court may order the Defendant's attorneys to show cause ............................................ 6
*Summary & Conclusion* ............................................................................................................. 7

## *Memorandum of Reasons*

### The motion is for improper purposes

The Defendant was served with the Plaintiff's Motion To Compel Initial Disclosures, Rule 26(f) Conference, Discovery, And Compliance With Local R. Civ. P. 7.1(a)(2) on June 4th, 2022. There can be no doubt that the Defendant's counsel was aware of that, as the Defendant's counsel claims that they served the Plaintiff with their opposition to the Plaintiff's motion to *compel discovery* as well as this motion to *stay discovery* from the Defendant on the same day in later June. As Fed. R. Civ. P. 11(b)(1) instructs, by presenting to the court a motion, an attorney certifies that to the best of the "person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation". Clearly, this motion to *stay discovery* is for an improper purpose when the Defendant's opposition to the Plaintiff's motion to *compel discovery* would have sufficed to address the issue of whether discovery should be compelled or stayed. This motion has both eaten up more of the Court's time as well as the undersigned Pro Se Plaintiff's time in having to oppose an unwarranted and frivolous motion. (See the Plaintiff's enclosed affidavit of time he had to expend on this opposition.)

Whereas the Defendant's motion to stay all discovery has been submitted for improper purposes in violation of Fed. R. Civ. P. 11(b)(1), it must be summarily denied.

If, however, this Court concludes the Defendant has in fact submitted this motion for proper purposes, then the following sections apply.

### The motion lacks a memorandum of reasons

Local R. Civ. P. 7.1(b)(1) requires that, "A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion." The entirety of what the Defendant claims it served on the Plaintiff pertaining to this motion is enclosed as Exhibit 1. As is plain to see, the Defendant's counsel claimed in its motion that it was enclosing a "Memorandum in Support" but failed to enclose said memorandum. The Defendant's counsel has also failed to serve any affidavits or other documents setting forth or evidencing facts on which the motion is based.

Whereas the Defendant's motion to stay all discovery lacks the fundamental components required by Local R. Civ. P. 7.1(b)(1), it must be summarily denied.

If, however, this Court concludes the Defendant has in fact served this motion with all components required by Local R. Civ. P. 7.1(b)(1), then the following sections apply.

## No factual contentions were made

Lacking the memorandum of reasons required by Local R. Civ. P. 7.1(b)(1), the motion thereby also fails to make factual contentions as required by Fed. R. Civ. P. 11(b)(3). That rule instructs that, by presenting to the court a motion, an attorney certifies that to the best of the "person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Whereas the Defendant has made no factual contentions in a memorandum of reasons and has failed to present any evidentiary support as required by Fed. R. Civ. P. 11(b)(3), its motion must be summarily denied.

If, however, this Court concludes the Defendant has in fact met the requirements of Fed. R. Civ. P. 11(b)(3), then the following sections apply.

## The certificate of service is untruthful

The motion contains a certificate of service with untruthful statements by the Defendant's counsel.

Regarding the date of service, the Defendant's counsel states in the certificate of service that, "the foregoing has been furnished this 15th day of June 21, 2022" to the Plaintiff. Is the Defendant's counsel asserting that he served this motion on the Plaintiff on the 15th day of June? Or on June 21? Or on the 15th day *within* the day of June 21?

The Defendant's counsel states in the certificate of service that service was made upon the Plaintiff by email. Fed. R. Civ. P. 5(b)(2) lists several methods by which motions may be served, none of which are email. Fed. R. Civ. P. 5(b)(2)(F) states that service may be made by "delivering it by any other means that the person consented to in writing". The undersigned Pro Se Plaintiff never consented to service by email, thus service by email is invalid.

The Defendant's counsel also states in the certificate of service that service was made upon the Plaintiff by "first class mail". The Plaintiff has not received this motion by first class mail. The Plaintiff received this motion by UPS Next Day Air. (See <u>Exhibit 2</u> enclosed.) Thus, the Defendant's counsel has further violated Fed. R. Civ. P. 11(b)(3) by making a knowingly false statement about service of the motion.

## The Defendant failed to confer

As the Defendant's attorney Kelsey Tavares effectively admits in the lengthy Local Rule 7.1 Statement, the Defendant's counsel failed to meet Local R. Civ. P. 7.1(a)(2)'s requirement to confer with the Plaintiff before filing this motion. Attorney Tavares claims that she reached out

Page 5 of 9

to the Plaintiff regarding this prospective motion on June 20th and June 21st, which is true. What attorney Tavares omitted from her timeline of events was that on June 20th the Plaintiff received attorney Tavares' phone call and email message *after 6:30 p.m.* The next day, June 21st, the Plaintiff replied via email at 12:28 p.m. and informed the Defendant's attorneys of several time slots over the next few business days in which he could engage in such a teleconference. Both of the Defendant's attorneys replied via email on the afternoon of June 21st and insisted on conducting the teleconference that day, when the Plaintiff was unavailable. They indicated no interest in nor willingness to conduct the teleconference when the Plaintiff would be available the next day or any of the subsequent days. They then filed this motion without the requisite Local Rule 7.1 conference. Had they actually conducted the conference, the Plaintiff could have explained to them that their proposed motion to *stay all discovery* would be utterly frivolous if they also intended to file an *opposition* to the Plaintiff's motion to *compel discovery*. (A screenshot of the voicemail messages and the thread of email messages are enclosed as <u>Exhibits 3 and 4</u>.) As this Court can see in the thread of email messages, Defendant's attorney Bruce E. Falby claims that they "sufficiently conferenced this motion" without conferring with the Plaintiff. Attorney Falby also falsely asserts in his June 22nd, 2022 email reply to the Plaintiff that, "your email today confirms your disagreement with our motion" even though the Plaintiff had not communicated anything to that effect and had merely suggested some times he would be available to engage in a teleconference with the Defendant's counsel. Notably, the Defendant's counsel's failure to engage in such requisites conferences is in part what prompted the Plaintiff's pending Motion To Compel Initial Disclosures, Rule 26(f) Conference, Discovery, And Compliance With Local R. Civ. P. 7.1(a)(2).

## The Court may order the Defendant's attorneys to show cause

Fed. R. Civ. P. 11(b)(3) instructs that when considering sanctions, "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Thus, if it deems fit to do so, this Court may order the Defendant's attorneys to show cause why:

1. Their unwarranted and frivolous motion has not violated Rule 11(b)(1)'s prohibition against submission of motions for improper purposes,

2. This motion lacking factual contentions and evidentiary support has not violated Rule 11(b)(3)'s requirements, and

3. Their knowingly false statement in the certificate of service did not violate Rule 11(b)(3).

## Summary & Conclusion

1. Per Fed. R. Civ. P. 11(b)(3), if this Court finds the Defendant's attorneys violated any elements of Rule 11(b), "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Additionally:

2. By requesting in this motion that the Court *stay all discovery* when the Defendant's *opposition* to the Plaintiff's pending motion to *compel discovery* would have sufficed, the Defendant's counsel has filed this motion for improper purposes in violation of Fed. R. Civ. P. 11(b)(1). Thus, the motion must be summarily denied. If, however, this Court concludes this motion does not "harass, cause unnecessary delay, or needlessly increase the cost of litigation", then:

3. The motion served on the Plaintiff lacks the memorandum of reasons and other components required by Local R. Civ. P. 7.1(b)(1) and therefore must be

summarily denied. If, however, this Court finds that the Defendant did serve a memorandum of reasons, affidavits, and other documents setting forth or evidencing facts on which the motion is based, then:

4. The Defendant has made no factual contentions in a memorandum of reasons and has failed to present any evidentiary support as required by Fed. R. Civ. P. 11(b)(3), thus its motion must be summarily denied. If, however, this Court finds that the Defendant did make factual contentions and presented evidentiary support, then:

5. The Defendant's counsel made untruthful statements in this motion's certificate of service, thereby rendering it void. If, however, this Court finds that the certificate of service is truthful, then:

6. Both of the Defendant's attorneys failed to meet Local R. Civ. P. 7.1(a)(2)'s requirement to confer with the Plaintiff to resolve or narrow issues before serving and filing this motion. As the motion is therefore procedurally defective, it must be summarily denied.

Respectfully submitted,

June 26, 2022

*Michael Bush*, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 26th day of June, 2022, placed a copy of the foregoing and any accompanying document(s) in a USPS mailbox for service by first class mail pursuant to Fed. Rule Civ. Proc. 5(b)(2) and Local Rule 5.2 upon the following:

Bruce E. Falby & Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street
26th Floor
Boston MA 02110-1447

_____, Pro Se
Michael Bush