FILED
IN CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

Eastern Division

|  |  |  |
|---|---|---|
|  | ) | Case No. 1:22-cv-10473 |
|  | ) |  |
| MICHAEL BUSH | ) |  |
| *Pro Se Plaintiff* | ) |  |
|  | ) |  |
| VS. | ) |  |
|  | ) |  |
| THE WANG CENTER FOR THE | ) |  |
| PERFORMING ARTS, INC. d/b/a Boch Center | ) |  |
| *Defendant* | ) |  |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FILING OF A TICKET AND PLENTY MORE

Pursuant to this Court's electronic order, docket number 44, the undersigned pro se Plaintiff herein provides his response to the Defendant's filing of a ticket and plenty more.

This Court's order refers to "copies of the tickets purchased by plaintiff Michael Bush" and granted the Defendant leave to file only a copy of "the Cirque Dream Holidaze show ticket". However, the Defendant has instead filed a copy of a ticket to a "Million Dollar Quartet" show that is not Michael Bush's accompanied by an all-new "supplemental memorandum", an amended memorandum, and an amended affidavit amounting to over 50 pages of extraneous material the Court did not grant the Defendant leave to file. This is in violation of Local R. Civ.

P. 7.1(b)(3), which states that "All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court."

The Plaintiff has diligently abided by the Federal and Local Rules of Civil Procedure and this Court's instructions to the best of his understanding throughout this litigation. In contrast, the Defendant's attorneys remain enviably unencumbered by such concerns (e.g. the Plaintiff's pending motion to compel, docket number 29, and this Court's latest order, docket number 44).

The Plaintiff will limit himself here to noting that:

1. In its latest material it has now filed without leave of this Court, the Defendant claims it refunded to the Plaintiff the prices of his tickets to both the Il Divo and the Cirque Dreams Holidaze shows. Upon review, the Plaintiff concurs. But there is a distinction between the two refunds. The Defendant issued the refund for the Cirque Dreams Holidaze show tickets before the show took place, in retaliation for the Plaintiff exercising his civil rights. The Defendant issued the refund for the Il Divo show tickets because that show was rescheduled and later canceled.

2. Regardless of the refunds, the unlawful discrimination and segregation took place, as established in the Plaintiff's amended complaint. In its reply in support of its motion to dismiss, the Defendant argued that "Plaintiff asserts that a release cannot bar claims from being brought based on civil and constitutional rights, see Opp. at 5, he has cited no case law to that effect and The Wang Center is unaware of any." Yet no such case law is needed. It does not take a legal whiz to grasp that if civil rights laws could be nullified by contracts, entities such as the Defendant would immunize

themselves from such claims by simply inserting such language in their contracts with customers—rendering civil rights laws toothless.

3. As the Plaintiff asserted in his opposition, the Defendant's memorandum in support of its motion to dismiss is defective. The Plaintiff would like to note that Judge Indira Talwani's Standing Order Regarding Motion Practice agrees with the Plaintiff's position on this. Having apparently caught on to some litigants' / attorneys' shenanigans as the Plaintiff has, Judge Talwani states in the first rule of her Order that the size of text in all filings must be at least 12-point, including footnotes. The Defendant's said memorandum and reply do not meet this requirement. To the best of the Plaintiff's understanding, other judges are not bound by that Order but may enforce it at their discretion. That Order was in effect at the time of the Defendant's filing.

As for what to do about the mound of documents the Defendant has just filed (none of which are the specific document this Court granted the Defendant leave to file), the Plaintiff would respectfully request one or more of the following:

1. Strike or disregard both the documents the Defendant filed without leave and this document the Plaintiff filed with leave, or

2. Take into consideration this document the Plaintiff filed with leave while disregarding the documents the Defendant filed without leave (the Plaintiff would much prefer this, of course), and

3. Give the Defendant's attorneys a figurative slap on the wrist for having filed documents without leave.

August 14, 2022

Respectfully submitted,

_Michael Bush_, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 14th day of August, 2022, served a copy by mail of the foregoing and any accompanying document(s) pursuant to Federal R. Civ. P. 5(b)(2) and Local Rule 5.2 upon the following:

Bruce E. Falby & Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street
26th Floor
Boston MA 02110-1447

_Michael Bush_, Pro Se
Michael Bush