# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

Eastern Division

|  |  |  |
|---|---|---|
|  | ) | Case No.    1:22-cv-10473 |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| MICHAEL BUSH | ) |  |
| *Pro Se Plaintiff* | ) |  |
|  | ) |  |
| VS. | ) |  |
|  | ) |  |
| THE WANG CENTER FOR THE | ) |  |
| PERFORMING ARTS, INC. d/b/a Boch Center | ) |  |
| *Defendant* | ) |  |
|  | ) |  |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITIES (DKT. 48)

The pro se Plaintiff hereby submits his response to the Defendant's Notice of Supplemental Authorities, docket #48.

This pro se Plaintiff understands that considerable and sometimes unpredictable demands on his time are to be expected in the course of this litigation. So though having to respond to these multiple sets of documents filed by the Defendant in the past week has eaten up considerable time of the Plaintiff, he accepts this. What he finds troubling, though, is that he has carefully abided by the Federal and Local Rules of Civil Procedure to the best of his understanding while the Defendant's attorneys have—by filing considerable and varied documents in Dkt. 46, 47, and 48 all without leave—repeatedly violated Local R. Civ. P.

7.1(b)(3), which instructs that "All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court." The Plaintiff observes that if the Court does not enforce these rules of civil procedure, then the rules only apply if a litigant chooses to abide by them. And if the rules only apply if a litigant chooses to abide by them, then this puts a litigant who abides by them at significant disadvantage to the litigant who does not.

As for the Notice of Supplemental Authorities (Dkt. 48) that the Defendant filed without leave, the Plaintiff would point out that in footnote 9 on the final page of the Memorandum & Order the Defendant cited, Judge Talwani granted the Plaintiff permission to file a motion for leave along with an amended complaint. The Judge has not ordered that case dismissed.

It strikes the Plaintiff as manifestly unfair for the Defendant to imply that this case should be treated the same as another, when this case has distinct factual allegations, defendants, claims, and arguments in the Plaintiff's opposition to the Defendant's motion to dismiss.

Regarding the Plaintiff's ADA claims, the Defendant quotes Judge Talwani as asserting that the Plaintiff did not adequately plead disability pursuant to the ADA in the other case because he did not allege that he has an impairment that "substantially limits any major life activities". That was a legal error on Judge Talwani's part. That misunderstanding of the ADA was refuted by the Plaintiff in this case on page 9 of his opposition (Dkt. 18) to this Defendant's motion to dismiss 1st amended complaint. In his opposition in this case the Plaintiff also made other arguments supporting his ADA claim that his attorney in that other case did not make for one reason or another.

Regarding the Plaintiff's 42 U.S.C. § 1983 claim, the Defendant refers to Judge Talwani's citation of "See D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 44 (1st Cir. 2012)

Page 2 of 5

("[W]e have already explained that § 1983 does not provide a remedy either for IDEA violations or for Rehabilitation Act or ADA violations. We see no reason why § 1985 should be any different" (internal citations omitted))." That case law is flawed. 42 U.S.C. § 1983 states clearly that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". It does not exclude the ADA (a statutory civil right). And the U.S. Supreme Court has made clear that 42 U.S.C. § 1983 applies to constitutional and statutory rights—without excluding the ADA. Gonzaga University v. Doe, 536 U.S. 273, 284-85 (2002) ("Plaintiffs suing under § 1983 do not have the burden of showing an intent to create a private remedy because § 1983 generally supplies a remedy for the vindication of rights secured by federal statutes. See supra, at 279-281. Once a plaintiff demonstrates that a statute confers an individual right, the right is presumptively enforceable by § 1983.") So unless this Court is going to stray into legislating by disregarding the language in the 42 U.S.C. § 1983 statute itself or stray into overriding the U.S. Supreme Court's ruling on § 1983, then § 1983 does apply to ADA violations.

As the Defendant introduced the subject of supplemental authorities, the Plaintiff would like to point out this supplemental authority: Regarding the ADA, 28 C.F.R. § 36.301(a) instructs that, "*General.*  A public accommodation shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the

Page 3 of 5

goods, services, facilities, privileges, advantages, or accommodations being offered." In ¶¶ 11, 12, 13, 15, 16, 41, 42, 46-55, 62, 63, and 69 with their attendant exhibits of his 1st amended complaint, the Plaintiff plausibly alleges that the Defendant imposed eligibility criteria that screen out people who cannot safely wear face masks from fully and equally enjoying the services, facilities, and accommodations of the Defendant without those criteria being necessary for the provision of said services, facilities, and accommodations.

Finally, the Plaintiff notes that it was the Defendant that requested the hearing for oral arguments in this case that took place before this Court on August 10, 2022. The Plaintiff gave a carefully prepared and sincere presentation at that hearing. Though the Plaintiff's oral arguments cannot be considered in that other case the Defendant's Notice of Supplemental Authorities mentions, his oral arguments should certainly be considered by the Court in this case.

Wherefore, the Plaintiff respectfully requests that this Court:

1. Disregard and/or strike the documents in Dkt. 46, 47, and 48 which were all filed by the Defendant without leave of this Court, or

2. Consider the Plaintiff's above refutations to the Defendant's Notice of Supplemental Authorities, and

3. Rule on the Plaintiff's long-pending unopposed motions Dkt. 15 and 40 in accordance with Local R. Civ. P. 7.1(a)(3) which instructs that, "The court shall rule on motions as soon as practicable, having in mind the reporting requirements set forth in the Civil Justice Reform Act."

Respectfully submitted,

August 18, 2022

_Michael Bush_, Pro Se
Michael Bush
280 Lowell Street

Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 18th day of August, 2022, served a copy by mail of the foregoing and any accompanying document(s) pursuant to Federal R. Civ. P. 5(b)(2) and Local Rule 5.2 upon the following:

Bruce E. Falby & Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street
26th Floor
Boston MA 02110-1447

_____, Pro Se
Michael Bush