UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH,<br><br>        Plaintiff,<br><br>v.<br><br>THE WANG CENTER FOR THE PERFORMING ARTS, INC. d/b/a BOCH CENTER,<br><br>        Defendant. | Case No.: 1:22-cv-10473-GAO |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT THE WANG CENTER FOR THE PERFORMING ARTS, INC.'S MOTION TO DISMISS**

On September 12, 2022, the United States District Court for the District of Massachusetts issued its Memorandum and Order Granting Defendants' Motion to Dismiss ("Order") in *Michael Bush, et al., v. Linda Fantasia, et al.*, Case No. 21-cv-11794-ADB (referred to herein as "*Fantasia*"), granting the Defendants' Motion to Dismiss as to Mr. Bush's Americans with Disabilities Act ("ADA") and Mass. Gen. Laws ch. 272 s. 92A and 98 ("Public Accommodations") claims. A copy of that decision is attached here as **Exhibit A**.

As in this case, in *Fantasia*, Mr. Bush brought claims against the Defendants related to their COVID-19 mask mandate policies. In granting the Defendants' Motion to Dismiss, the Court ruled that it was appropriate to dismiss Mr. Bush's ADA and Public Accommodations claims. Of particular relevance here, the Court found that Mr. Bush failed to adequately allege he was "disabled" within the meaning of the ADA because he alleged only that "face masks are medically inappropriate for him to wear" and did not identify any physical or mental impairment that substantially limited one or more of his major life activities. *See Fantasia* at 18. The Court also found that "[e]ven if Plaintiffs [including Mr. Bush] had plausibly alleged that they were disabled within the meaning of the ADA, their claim still fails because they plead no facts that plausibly suggest that they were excluded from the Library or otherwise discriminated against by reason of this disability." *Id.* at 18. The court also found that Plaintiffs' Public Accommodations claims should be

dismissed because Plaintiffs "ha[d] not alleged that they ha[d] filed a complaint with the MCAD" and even if they had, Plaintiffs' claims would still have failed. *Id.* at 20-21.

The decision in *Fantasia* is relevant to The Wang Center for the Performing Arts, Inc. d/b/a Boch Center's ("The Wang Center's") argument advanced on pages 13-18 of its Memorandum in Support of Defendants Motion to Dismiss (Docket No. 17).

|  |  |
|---|---|
| Dated:  September 19, 2022 | Respectfully submitted,<br><br>The Wang Center for the Performing Arts, Inc.<br>d/b/a Boch Center<br><br>By its attorneys,<br><br>/s/ *Kelsey Tavares*<br>Kelsey Tavares (BBO No. 705934)<br>Bruce E. Falby (BBO No. 544143)<br>DLA PIPER LLP (US)<br>33 Arch Street, 26th Floor<br>Boston, MA 02110-1447<br>(617) 406-6000 (telephone)<br>(617) 406-6100 (facsimile)<br>kelsey.tavares@us.dlapiper.com<br>bruce.falby@us.dlapiper.com<br><br>*Counsel for Defendant* |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished this 19th day of September, 2022 via email and mail to:

Michael Bush
280 Lowell Street
Carlisle, MA 01741
bmoc54@verizon.net

*Plaintiff*

/s/ *Kelsey Tavares*
Kelsey Tavares

2