# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

Eastern Division

|  |  |  |
|---|---|---|
| MICHAEL BUSH<br>*Pro Se Plaintiff*<br><br>VS.<br><br>THE WANG CENTER FOR THE<br>PERFORMING ARTS, INC. d/b/a Boch Center<br>*Defendant* | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.   1:22-cv-10473 |

# PLAINTIFF'S RESPONSE TO DEFENDANT'S 2ND NOTICE OF SUPPLEMENTAL AUTHORITIES (DKT. 51)

The pro se Plaintiff hereby submits his response to the Defendant's 2nd Notice of Supplemental Authorities, docket #51.

Since this Court's hearing of oral arguments on August 10th, 2022 regarding the Defendant's motion to dismiss the Plaintiff's 1st amended complaint, the Defendant has filed four separate sets of documents (Dkt. 46, 47, 48, and 51) totaling more than 100 pages... and all of those documents were filed without leave of this Court. As Local R. Civ. P. 7.1(b)(3) instructs, "All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court."

The Defendant's latest document dump (Dkt. 51) does not help its cause.

Contrary to the Defendant's assertions, the Memorandum & Order it attached from the *Bush et al. v. Fantasia et al.* case does not strengthen the Defendant's arguments. In that Memorandum & Order, Judge Burroughs committed the fundamental error of disregarding the factual allegations in the Plaintiffs' complaint—even those presented with evidentiary support. Judge Burroughs went further and of her own accord argued against the Plaintiffs' factual allegations and refused to interpret them in the Plaintiffs' favor. That is in conspicuous violation of the U.S. Supreme Court's instructions and the 1st Circuit Court of Appeals' instructions: "A judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "We review the dismissal of a complaint de novo, taking the factual allegations in the complaint and the inferences reasonably drawn from the complaint as true to determine whether the plaintiff has plausibly stated a claim upon which relief can be granted. Zell, 957 F.3d at 7; Fed. R. Civ. P. 12(b)(6)… "take[s] the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Zell, 957 F.3d at 7 (quoting Zenon v. Guzman, 924 F.3d 611, 615-16 (1st Cir. 2019))." *Sonoiki v. Harvard Univ.*, No. 20-1689, (1st Cir. Jun. 14, 2022).

The Plaintiff's factual allegations and pleading of his Americans with Disabilities Act ("ADA") claim in this case are considerably distinct from and more substantial than his factual allegations and pleading of his ADA claim in the *Bush et al. v. Fantasia et al.* complaint. Thus, for the Defendant to imply that Judge Burroughs' dismissal of that claim in that other case should influence the Court's handling of this case appears to be either disingenuous or at best uninformed.

The Defendant also quotes Judge Burroughs to rehash its erroneous, overly narrow definition of a disability under the ADA. In pages eight through 12 of his Opposition to the Defendant's motion to dismiss in this case (Dkt. 18), the Plaintiff has already refuted that erroneous definition. In that Opposition document as well as his Response to the Defendant's 1st Notice of Supplemental Authorities (Dkt. 50) in this case, the Plaintiff also refuted Judge Burroughs' other mistaken and incomplete understandings of the ADA and the applicable Code of Federal Regulations which instruct courts how to apply the ADA.

After failing to accept the Plaintiff's factual allegations as true, Judge Burroughs also failed to give the Plaintiff leave to file an amended complaint. That violates the case law the Plaintiff cited in his Opposition to the Defendant's motion to dismiss in this case (Dkt. 18), which holds that as a general rule a court freely grants leave to amend a complaint that has been dismissed. It also conspicuously violated substantial case law requiring federal courts to give a pro se Plaintiff leave to file an amended complaint. "Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also *Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc); *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." (citation and internal quotation marks omitted)); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1196 (9th Cir. 1998); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

"While [the] statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, district courts must at least draft a few sentences explaining the [complaint's] deficiencies." *Eldridge*, 832 F.2d at 1136; see also *Karim-Panahi*, 839 F.2d at 625.

In other news, Judge Talwani has since granted the pro se Plaintiff leave to file an amended complaint in the *Bush v. Acton Boxborough School District et al.* case (1:21-CV-12039-IT) that the Defendant in this case was apparently hoping would be dismissed (Dkt. 48).

Wherefore, the Plaintiff respectfully requests that this Court:

1. Disregard and/or strike the 100+ pages of documents in Dkt. 46, 47, 48, and 51 that the Defendant filed without leave of this Court, or

2. Consider the Plaintiff's above refutations to the Defendant's latest document dump, and

3. Deny the Defendant's motion to dismiss the Plaintiff's 1st amended complaint (Dkt. 16) before the Defendant throws the kitchen sink in as well.

September 20, 2022

Respectfully submitted,

*Michael Bush*, Pro Se
Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 20th day of September, 2022, served a copy by mail of the foregoing and any accompanying document(s) pursuant to Federal R. Civ. P. 5(b)(2) and Local Rule 5.2 upon the following:

Bruce E. Falby & Kelsey Tavares
DLA Piper LLP (US)
33 Arch Street
26th Floor
Boston MA 02110-1447

*Michael Bush*, Pro Se
Michael Bush